(No. 14834.—Judgment affirmed.)

MORRIS & CO., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MANNIE NICKSON, Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*all paragraphs of section 19 of the Compensation act must be construed together.* All of the paragraphs of section 19 of the Compensation act are to be read *in pari materia.*

2. SAME—*preparation of record to review a proceeding under paragraph (h) of section 19 is governed by paragraph (e).* Paragraph (*f*) of section 19 of the Compensation act provides the only means of review of a decision of the Industrial Commission by the courts, and as paragraph (*h*), providing for a hearing as to the recurrence or decrease of a disability, makes no provision for a review of the decision of the Industrial Commission rendered under it, the legislature must have intended that the record for such review must be made up as provided in paragraph (*e*).

3. SAME—*stenographic report of hearing under paragraph (h) of section 19 must be filed in required time—waiver.* The requirement that a petition for *certiorari* to review proceedings of the Industrial Commission shall be filed within twenty days is applicable to hearings under paragraph (*h*) of section 19 of the Compensation act, and if the stenographic report of the hearing before the commission is not filed within the required time, or within a lawful extension, as provided in paragraph (*e*), the court may quash the writ even though the party making the motion to quash has entered a general appearance, as the question is not one of jurisdiction, which may be waived by appearance, but relates to the sufficiency of the record.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

M. W. BORDERS, and R. D. LUCAS, for plaintiff in error.

CLANTON, CLANTON & JONES, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

On December 6, 1919, the defendant in error received an injury while in plaintiff in error's employ. On March 26, 1920, an arbitrator entered an award fixing his com-

pensation at $9.86 per week for a period of 12 weeks for temporary total incapacity for work, as provided by paragraph (*b*) of section 8 of the Workmen's Compensation act. No appeal was taken from this award and payments thereunder were made by the plaintiff in error until June 5, 1920, when the defendant in error filed a petition with the Industrial Commission for a review of the award on the ground that the disability due to the injury had increased, as provided for in paragraph (*h*) of section 19 of said act. The commission heard the petition and entered an award on April 3, 1921, finding that the disability had increased and that such increased disability arose out of the original injury received by the defendant in error, and awarded him $4.86 per week for a period of 404 weeks, beginning with June 5, 1920. On May 10, 1921, the plaintiff in error filed in the circuit court its *præcipe* for *certiorari,* and upon petition to the Industrial Commission was given thirty days in addition to the time allowed by statute in which to file an agreed statement of facts or stenographic report of the evidence given in support of the award of April 3, 1921. On June 2, 1921, plaintiff in error obtained from the commission a further extension of time for that purpose, and again on August 1, 1921, another extension of time of thirty days. On August 9, 1921, there was filed a stenographic report of the evidence given before the commission on review, which stenographic report was approved by the attorneys for both the applicant and respondent. *Scire facias* was issued out of the circuit court and served on defendant in error. He entered his appearance in said court, and on his motion the writ was quashed on the ground that the stenographic report of the evidence taken before the Industrial Commission was not filed within the time provided for by that act.

It is contended by the plaintiff in error that it was not necessary, in order to obtain a review of a decision of the Industrial Commission under paragraph (*h*) of section 19, that it file an agreed statement of facts or stenographic re-

port within twenty days or an additional thirty days granted by the commission, and that the circuit court erred in quashing the writ upon the ground that the same was not filed within the time prescribed by the act. It is further contended that having entered his general appearance in said court the defendant in error has waived the right to urge the failure to file the stenographic report in the time prescribed by the act.

Plaintiff in error argues that there is no limitation fixed by the statute within which a stenographic report or agreed statement of facts of the evidence taken before the Industrial Commission on a hearing under paragraph (*h*) of section 19 must be filed; that the requirement of paragraph (*e*) of said section limiting the filing of the agreed statement of facts or stenographic report with the commission to twenty days applies only to those cases where the commission is reviewing or has reviewed the finding of the arbitrator granting or refusing an award in the first instance, and does not apply to a review of the award on the ground that the disability of the employee has recurred, increased, diminished or ended, and that since there is no limitation fixed by the statute, and plaintiff in error having filed the certified stenographic report prior to the return of the commission to the writ of *certiorari,* such stenographic report was filed in time.

The provisions of the Compensation act regarding a review of the decisions of the Industrial Commission are found in section 19. Paragraph (*a*) provides for the hearing before the arbitrator. Paragraph (*b*) provides for a review of his decision, and requires that the petition for review shall be filed with the commission within fifteen days after receipt by the petitioner of a copy of the decision of the arbitrator, and he must file with the commission within twenty days, or within an additional time not exceeding thirty days allowed by the commission, either an agreed statement of facts or stenographic report of the evi-

305—29

dence before the arbitrator, properly authenticated. Paragraphs (*c*) and (*d*) have no application to the question here under consideration. Paragraph (*e*) provides that if a petition for review and an agreed statement of facts or stenographic report are filed with the commission as required, the commission shall promptly review the same and shall decide all questions of law or fact which appear from the agreed statement or stenographic report and such other additional evidence as either party may offer before the commission; that after a hearing the commission is to file in its office its decision and immediately notify each party of the decision and when it is filed. This paragraph also provides for the holding of the hearing either before one commissioner, or, upon request, before a majority of the commissioners for argument, on proper notice. The paragraph thereupon provides: "In any case the commission in its decision may in its discretion find specially upon any question or questions of law or fact which shall be submitted in writing by either party, whether ultimate or otherwise. Any party may, within twenty days after receipt of notice of the commission's decision, or within such further time, not exceeding thirty days, as the commission may grant, file with the commission either an agreed statement of the facts appearing upon the hearing, or, if such party shall so elect a correct stenographic report of the additional proceedings presented before the commission, in which report the party may embody a correct statement of such other proceedings in the case as such party may desire to have reviewed, such statement of facts or stenographic report to be authenticated by the signatures of the parties or their attorneys, and in the event that they do not agree, then the authentication of such stenographic report shall be by the signature of any member of the commission. The applications for adjustment of claim and other documents in the nature of pleadings filed by either party, together with the decisions of the arbitrator and of the Industrial Commission and the statement of facts

or stenographic reports hereinbefore provided for in paragraphs (*b*) and (*c*), shall be the record of the proceedings of said commission, and shall be subject to review as hereinafter provided." Paragraph (*f*), so far as affects the question here, contains the following language: "The decision of the Industrial Commission acting within its powers, according to the provisions of paragraph (*e*) of this section shall, in the absence of fraud, be conclusive unless reviewed as in the paragraph hereinafter provided." After making certain provisions as to what shall be reviewed this paragraph provides: "Such suit by writ of *certiorari* shall be commenced within twenty days of the receipt of notice of the decision of the commission." Paragraph (*g*) provides for the submission to the circuit court of a certified copy of the decision of the commission where no proceedings for review have been taken and for judgment thereon by that court. Paragraph (*h*) provides for a review of the award on the ground that disability of the employee has recurred, increased, diminished or ended, and is in the following language: "An agreement or award under this act providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the Industrial Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be re-established, increased, diminished or ended: *Provided,* that the commission shall give fifteen days' notice to the parties of the hearing for review: *And, provided, further,* any employee, upon any petition for such review being filed by the employer, shall be entitled to one day's notice for each one hundred miles necessary to be traveled by him in attending the hearing of the commission upon said petition and three days in addition thereto, and such employee shall, at the discretion of the commission, also be entitled to five cents per

mile necessarily traveled by him in attending such hearing, not to exceed a distance of 300 miles, to be taxed by the commission as costs and deposited with the petition of the employer."

Paragraph (*h*) makes no provision for review of the decision of the Industrial Commission rendered under that paragraph. Paragraph (*f*) provides the only means of review of a decision of the commission by the courts. Nowhere else in the Compensation act is a review of any decision of the commission provided for. That a review of a decision of the commission acting under paragraph (*h*) may be had by the circuit court, however, has been recognized by this court in numerous cases. All of the paragraphs of section 19 are to be read *in pari materia.* When so viewed it is evident that the limitation upon review by the circuit court, to the effect that the petition for *certiorari* shall be filed within twenty days, is applicable to hearings under paragraph (*h*). This seems to be admitted, but it is contended that the provisions of paragraph (*e*) requiring that in case of a review of the decision of the commission by the circuit court the record shall be made up as therein provided and filed with the commission within twenty days of the receipt of notice of the decision of the commission or an additional time not exceeding thirty days, do not apply to a hearing of this character. Paragraph (*f*) provides that the decision of the commission, acting within its powers according to paragraph (*e*), shall be final unless reviewed as set out in paragraph (*f*). Paragraph (*e*) provides the method of procedure upon a hearing before the commission and the time within which the record must be filed with it. Paragraph (*h*) makes no provision as to procedure other than notice. Reading these paragraphs together, it seems clear that the legislature intended that hearings under paragraph (*h*) should be conducted as under paragraph (*e*) and that the record on review of the commission's decision should be made up as therein provided. This being true,

the limitation on the time for filing the stenographic report or agreed statement of facts applies to hearings before the commission under paragraph (*h*).

It is further contended by the plaintiff in error that even though the filing of an agreed statement of facts or stenographic report as provided in paragraph (*e*) is a prerequisite to a review on *certiorari* of the decision of the Industrial Commission rendered under paragraph (*h*), yet the defendant in error, by entering a general appearance, waived any irregularity in that regard. The *præcipe* for writ of *certiorari* in this case was filed May 10, 1921. The writ was issued and the return showed service on defendant in error. The transcript of the record of the commission containing the stenographic report was filed September 10, 1921, and defendant in error entered his appearance on October 18, 1921. The motion to quash the writ and the order quashing the same were filed March 15, 1922, and plaintiff in error urges that having entered his appearance after the filing of the transcript, and some months before his motion to quash the writ, defendant in error has waived the failure on the part of plaintiff in error to file a stenographic report as required. Counsel for plaintiff in error cite numerous cases holding that where a court has jurisdiction of the subject matter, jurisdiction of the person and of the particular case may be conferred on the court by action of the parties. While the rule in those cases is unquestioned it does not apply here. The jurisdiction of this particular case is conferred, not by what is contained in the record of the commission but by the *præcipe* or petition for writ of *certiorari* and service of process. This case is to be distinguished from those in which jurisdiction of the commission to review an award under section 19 is conferred by compliance with the conditions laid down in that section. The hearing on the writ of *certiorari* is for the purpose of determining the sufficiency of the record, and the motion to quash the writ for the reason that the stenographic report was not

filed within the time required by statute is not a challenge to the jurisdiction of the court but is a call upon the court to exercise its jurisdiction by determining the sufficiency of the record presented. It seems clear that the right to have such question passed upon is not waived by general entry of appearance. So far as is shown by the record, the grounds upon which the review by the court was sought were contained in the stenographic report, which was not filed within the time required by law.

It was not error on the part of the circuit court to quash the writ, and the judgment of that court will be affirmed.

*Judgment affirmed.*