(No. 13372.—Judgment modified and affirmed.)

THE CENTRALIA COAL COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(ART COFFEY,
Defendant in Error.)

*Opinion filed October 23, 1920.*

WORKMEN'S COMPENSATION—*when judgment of the circuit court
will be modified to correct clerical error.* Where the arbitrator and
the Industrial Commission have found that an employee is entitled
to an award for an injury to his left leg but by mistake the award
of the commission is for an injury to the right leg, which is con-
firmed by the circuit court without correction, the judgment of the
circuit court will be modified in the Supreme Court to correct the
error without remanding the cause.

WRIT OF ERROR to the Circuit Court of Marion county;
the Hon. WILLIAM B. WRIGHT, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J.
DALLSTREAM, for plaintiff in error.

A. W. KERR, and FRED H. KRUGER, for defendant in
error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the circuit court of Marion county confirming an award of the Industrial Commission in favor of Art Coffey for the loss of forty per cent of the use of his right leg. It is urged that there is no competent evidence in the record upon which to base such an award.

June 19, 1918, defendant in error was caught under a fall of rock from the ceiling of the mine of plaintiff in error and suffered a serious injury to his left leg, hip and back. There is abundant evidence in the record to sustain an award for a forty per cent permanent loss of the use of his left leg. All the evidence in the record shows that the injury was to the left leg. The finding of the arbitrator was based on an injury to the left leg, and the ninth paragraph of the decision of the commission was "that as a result of said accident the applicant has sustained forty per cent permanent loss of the use of his left leg." It is clear that the insertion of the word "right" before the word "leg" in the final order of the commission was a clerical error. It does not appear that this clerical error was called to the attention of the circuit court. If it had been it could have been corrected there.

We see no reason for delaying the final judgment in this case by remanding the cause for correction of this clerical error. The award will therefore be modified by striking out the word "right" and inserting the word "left" before the word "leg" in the final order of the commission, and as modified the judgment will be affirmed.

*Judgment modified and affirmed.*