(No. 14575.—Reversed and remanded.)

THE LUMBERMEN'S MUTUAL CASUALTY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.* Defendants in Error.

*Opinion filed June 21, 1922.*

1. APPEALS AND ERRORS—*Supreme Court cannot consider evidence not before the trial court.* In reviewing a decision the Supreme Court cannot exercise original jurisdiction by considering evidence not before the trial court, and if there has been an omission in the record it cannot be supplied by sending the omitted document to the Supreme Court, as errors or omissions in the record must be corrected in the trial court.

2. WORKMEN'S COMPENSATION—*transcript of hearing before arbitrator may be authenticated after it is filed.* The transcript of the hearing before the arbitrator must be filed with the Industrial Commission within the time limited by the statute, but it may be authenticated afterward, as the petitioner for the review has no power to compel the authentication within a specified time.

3. SAME—*when Industrial Commission has jurisdiction.* One who files a transcript within the time limited by statute cannot be prejudiced by the fact that there are disputes as to its correctness, but the Industrial Commission will take jurisdiction and after correction of the transcript the petitioner is entitled to a decision of the commission and of the circuit court on the corrected transcript.

4. SAME—*when circuit court should order withdrawal of record to make corrections.* Where a record is returned to a writ of

*certiorari* the circuit court has power to authorize the withdrawal of the record to make additions and corrections so as to make it speak the truth, and having that power the court should exercise it upon a showing that the return is incomplete or incorrect.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. ADAM C. CLIFFE, Judge, presiding.

GOOD, CHILDS, BOBB & WESCOTT, (DWIGHT S. BOBB, and F. M. HARTMAN, of counsel,) for plaintiff in error.

MICHAEL KROSS, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Henry Zielski applied to the Industrial Commission for an adjustment of his claim for an injury suffered in the course of his employment by the Lombard Brick and Tile Company while shredding corn with a corn-shredder, which resulted in the amputation of his left arm. The plaintiff in error, the Lumbermen's Mutual Casualty Company, was joined with the Lombard Brick and Tile Company as an insurer against claims under the Workmen's Compensation act. There was a hearing before an arbitrator, at which the applicant and the brick and tile company stipulated that on November 19, 1920, the applicant was injured by an accident arising out of and in the course of his employment; that the employer had elected to provide and pay compensation under the Workmen's Compensation act and was operating its plant under the same; that no dispute existed between the applicant and his employer concerning the amount of compensation, and that the applicant was injured while shredding corn, which was a part of the duties of his employment. The plaintiff in error refused to join in the stipulation and objected to its being made or considered, on the ground that the election to come under the Workmen's Compensation act did not include farm labor-

ers and the injury was not covered by the act or by the policy of insurance against accidents within the act.

It appeared at the hearing that the Lombard Brick and Tile Company was in the business of manufacturing drainage tile, brick and hollow-ware made of clay; that it had a farm of clay lands of about 125 acres, on which it raised corn, hay, rye and wheat; that the applicant was a teamster engaged both in farm labor and the manufacture of tile, brick and hollow-ware, and that the employees were included in the same pay-roll whether working on the farm or in the brick and tile factory. The Lombard Brick and Tile Company filed an acceptance of the provisions of the Workmen's Compensation act and elected to provide and pay compensation in accordance therewith, and in the acceptance gave the number of its employees as fifteen and the nature of the employment "teamsters, icemen, laborers in tile and brick factory and at retail coal and lumber yard." The plaintiff in error is an insurance corporation and gave to the brick and tile company a policy of insurance covering obligations imposed upon the employer by the Workmen's Compensation act, and stating the locality and character of the business as follows: "Fuel and material dealer, including drivers, chauffeurs and their helpers, brick and tile mfg., ice, harvesting, storing and dealing." The arbitrator made an award, and the plaintiff in error and the brick and tile company petitioned for a review of the decision by the Industrial Commission. At the hearing before the commission the applicant moved that the petition for review be dismissed because the petitioners had not filed a correct stenographic report of the proceedings on arbitration, authenticated by the signatures of the parties or their attorneys. The attorney for the applicant had refused to authenticate the transcript and still refused to do so. By leave of the commission a transcript made by the official reporter of the commission was referred to the arbitrator, who authenticated it, and on consideration thereof the com-

mission affirmed the award.  The plaintiff in error sued out a writ of *certiorari* from the circuit court of DuPage county, and the brick and tile company refusing to join in the petition for the writ, it was made a defendant.  In the circuit court the applicant filed a general appearance, which was withdrawn by leave of court and a special appearance was then entered for the purpose of contesting the jurisdiction of the court.  A motion was made to quash the writ of *certiorari* for want of jurisdiction because at the time of the hearing on review there had not been filed a stenographic report authenticated by the parties or the arbitrator, and also for the reason that the record returned to the writ was incomplete in omitting the insurance policy offered in evidence, under which liability for the award was claimed.  The plaintiff in error moved the court for leave to withdraw the return to the writ of *certiorari* for the purpose of making corrections and additions thereto so as to show a correct and complete record of the proceedings before the arbitrator and the commission.  The motion was supported by affidavits of attorneys for the plaintiff in error and the secretary of the commission, alleging that the record returned to the writ was incomplete and did not show all the proceedings; that on February 26, 1921, nineteen days after the decision of the arbitrator, the plaintiff in error filed with the commission a stenographic report of the proceedings on arbitration made by Charles G. Palmer, a reporter who was not an official reporter of the commission; that the attorney for the applicant refused to authenticate the transcript; that W. P. Scanlon, who was an official reporter of the commission, prepared a stenographic report and extensions of time were granted for the same, and his official report was authenticated by the arbitrator and filed on May 13, 1921, at the time of the hearing before the commission. The motion for leave to withdraw the return was denied. A motion was then made by plaintiff in error to remand the cause to the Industrial Commission for a trial *de novo*,

as provided by the amendment of 1921, and that motion was also denied. The court made a finding that prior to May 13, 1921, when the commission heard the claim on review, the decision of the arbitrator had become final; that the commission had no jurisdiction at that time to review the decision, and that the court was without jurisdiction to hear the cause on the writ of *certiorari*. Accordingly the writ was quashed and the proceeding dismissed, and a writ of error was allowed by this court.

The record filed as a return to the writ of *certiorari* showed the facts already stated, and also showed that the insurance policy upon which the claim of liability of the plaintiff in error was founded was in evidence but a copy of it was not in the record, which stated that the original policy was in the possession of the applicant. The parties attempted to supply that omission in this court by stipulating that the original policy should be sent by the secretary of the commission to the court, to be returned after the hearing and decision of the cause. The policy was sent to this court, but no consideration will be given to it. The court reviews the decision of the circuit court and does not exercise original jurisdiction by considering evidence not before the trial court. Errors or omissions in the record must be corrected in the trial court. The affidavits of the attorneys and secretary of the commission alleged material omissions in the return, among which was the fact that on February 26, 1921, within the time fixed by the statute, a transcript of the proceedings before the arbitrator was filed with the commission. It was made by Charles G. Palmer and bore the notation, "Outside reporter," and the attorney for the applicant refused to authenticate it. It is not within the power of a petitioner for review to compel authentication of a transcript within the time specified in the statute, and if the statute had been so interpreted it would be impossible for either an applicant or an employer to obtain a review if the opposite party or arbitrator desired to pre-

vent it. Not being able to obtain an authentication of the transcript, it appears that plaintiff in error procured a transcript from the official reporter of the commission, which was authenticated by the arbitrator but was materially defective, and when leave was asked to have it made complete, permission was denied. While a transcript must be filed within the time limited by the statute, the law is that it may be authenticated afterward, so that a hearing before the commission shall be upon a correct transcript. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 454; *Illinois Midland Coal Co.* v. *Industrial Board,* 277 id. 333; *People* v. *Andrus,* 299 id. 50.) A party seeking a review and acting in good faith complies with the law by filing a transcript within the time limited and cannot be prejudiced by the fact that there are disputes as to its correctness. When a record is returned to a writ of *certiorari* the court has power to authorize the withdrawal of the record to make additions and corrections so as to make it speak the truth, (*Lawrence Ice Cream Co.* v. *Industrial Com.* 298 Ill. 175,) and having that power, should exercise it upon a showing that the return is incomplete or incorrect. The return as filed showed that no transcript was filed with the commission within the time fixed by the statute, but the affidavits alleged that there was a transcript filed and within the time limited, and the court should have sustained the motion. If the return should be corrected and it should then appear that a transcript was filed on February 26, 1921, although not made by an official reporter and which the attorney for the applicant refused to authenticate, the Industrial Commission had jurisdiction and the plaintiff in error would be entitled to a decision of the court on the evidence in the transcript.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*