(No. 21829.—)

CHARLES HECKARD, Defendant in Error, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(THE PLYMOUTH GARAGE BUILDING CORPORATION *et al.* Plaintiffs in Error.)

*Opinion filed June 22, 1933—Rehearing denied October 5, 1933.*

JOHN A. BLOOMINGSTON, for plaintiffs in error.

WEIGHTSTILL WOODS, for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

This case arises out of a death claim under the Workmen's Compensation act. Acting under the statutory writ of *certiorari,* the superior court of Cook county set aside the finding of the Industrial Commission denying an award and confirmed the award of the arbitrator. The respondents below (plaintiffs in error here) by writ of error present the case to this court for review.

The Plymouth Garage Building Corporation, the Dorchester and Sixty-third Street Garage Company and the Sixty-third Street and Dorchester Garage Company, the respondents below, on April 7, 1929, operated the Plymouth Court Garage, at 711 Plymouth court, in Chicago. Charles

Heckard, the petitioner below and defendant in error here, was the minor son of Will Casey Heckard, a colored man, who had been employed as a greaser in the garage. Heckard, working under the name of Casey, was burned to death in the garage about two months after he began his employment. The evidence shows that when he came to work the garage superintendent instructed him as to his duties. At that time he was warned there was to be no smoking in the garage. He was further informed that gasoline was not to be used for cleaning up around the garage, but that, on the contrary, a safe commercial compound named Okite was to be used. Two signs forbidding smoking were pointed out to him. On April 7, 1929, he was engaged in cleaning out a greasing pit on the ground floor of the garage. In defiance of his instructions he was using gasoline to cut the grease and oil instead of using the commercial compound. While he was in the pit, wearing oil-soaked clothing, he held in his mouth a partly consumed cigar. He asked one Keith, a fellow employee, for a match, which Keith refused to give him, calling his attention to the wrongful use of gasoline. Heckard thereupon pulled a packet of card-board matches from his pocket, lighted one, held it against the wall of the pit, and then, while it was burning, dropped it into the pit. The floor of the pit in which he was standing was covered with a mixture of liquid gasoline and oil. According to witness Keith the lighted match fell into this mixture and ignited, causing an explosion. Heckard became enveloped in flames, and after climbing out of the pit jumped through a plate glass window and fell to the sidewalk. He was taken to a hospital but died in a short time without being able to give his version of the occurrence.

The original petitioner secured an award before the arbitrator on November 15, 1931. On the 23d of that month the respondents below received a copy of the decision of the arbitrator. Within the statutory period of fifteen days (Cahill's Stat. 1931, chap. 48, sec. 219b,) the respondents

petitioned the Industrial Commission for a review of the decision of the arbitrator, asking at the same time for thirty days' extension of time to file the transcript of evidence taken before the arbitrator. This extension was granted, and the transcript of the evidence was filed with the Industrial Commission by the respondents on January 11, 1932. This transcript, when filed, was not authenticated by the attorneys for the petitioner and the respondents or by the arbitrator until April 14, 1932, when such authentication was made under an order of the Industrial Commission. When the case went to the superior court upon the writ of *certiorari* the transcript of the additional evidence heard before the Industrial Commission was likewise not authenticated, as required by statute, (Ibid. sec. 219*e*,) before it was filed and has not been authenticated to this day.

Inasmuch as the transcript of the evidence taken before the arbitrator was filed within the statutory time, the authentication of the transcript afterwards by order of the Industrial Commission was legally sufficient. (*Lumbermen's Casualty Co.* v. *Industrial Com.* 303 Ill. 364.) The respondents by motion asked the superior court to dismiss the writ of *certiorari* on the ground that the transcript of the additional evidence taken before the Industrial Commission at the hearing on review was never authenticated by the attorneys for the petitioner and the respondents and was not authenticated by one of the members of the commission, as required by statute. (Cahill's Stat. 1931, chap. 48, sec. 219*e*.) No action was taken on this motion by the superior court, but, in disregard thereof, it proceeded to review the evidence presented by the unauthenticated record before it.

In *Morris & Co.* v. *Industrial Com.* 305 Ill. 447, this court held that a hearing on a writ of *certiorari* is for the purpose of determining the sufficiency of the record, and that a motion to quash the writ of *certiorari* because the stenographic report was not filed within the time required

by statute is not a challenge to the jurisdiction of that court. It was there held, however, that such a motion is a call upon the court to exercise its jurisdiction by determining the sufficiency of the record presented. In the present case the transcript of the evidence was filed within the prescribed time but was not authenticated, as required by the statute. The rule announced in the *Morris & Co. case,* that the circuit court possessed jurisdiction to determine the sufficiency of the record before it notwithstanding the failure to file the stenographic report within the prescribed time, is applicable to the case here, where the transcript of the evidence was filed in apt time. The superior court possessed the power to authorize a withdrawal of the record before it in order that by corrections or additions it might be made to speak the truth, and it should have exercised that power upon a showing that the transcript of the evidence was incorrect in not being authenticated according to statute. (*Lumbermen's Casualty Co.* v. *Industrial Com. supra.*) The superior court therefore erred in failing to order a withdrawal of the transcript of the evidence for correction by authentication. Since the evidence contained in the transcript was not properly before the superior court the omission of the authentication of the record cannot be condoned in this court, as errors or omissions in the record must be corrected in the court below. (*Lumbermen's Casualty Co.* v. *Industrial Com. supra.*) We cannot exercise original jurisdiction in cases of this nature.

The judgment of the superior court of Cook county is reversed and the cause is remanded to that court, with directions to order a withdrawal of the transcript of the evidence for correction by authentication, and that upon the re-filing of such transcript, properly authenticated, such court shall proceed to consider and review the same, as required by statute.

*Reversed and remanded, with directions.*