(No. 23436.—

THE CONSUMERS COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MYRTLE·CORRELLO, Plaintiff in Error.)

*Opinion filed June 10, 1936—Rehearing denied October 7, 1936.*

JOHN A. BLOOMINGSTON, for plaintiff in error.

WINSTON, STRAWN & SHAW, (LLOYD M. BOWDEN, JAMES H. CARTWRIGHT, and GEORGE B. CHRISTENSEN, of counsel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

This writ of error was allowed to review a judgment of the circuit court of Cook county which set aside an award of the Industrial Commission in favor of the plaintiff in error for the death of her husband.

The deceased, Tony Corrello, was employed by the defendant in error as a chauffeur and had been in its employ for approximately twenty years. He was married and had one child—a boy seven years of age. Shortly after 6:00 o'clock in the evening of January 21, 1933, a damaged truck was towed into defendant in error's coal yard, with

Corrello at the wheel. It was loaded with coal and was driven by him at the time it was damaged. The coal yard is located at Twenty-second and Morgan streets, in Chicago, and on the east side of it there is a slip and on the south the Chicago river. On the river bank there is an out-door toilet, which is located on land owned by the Chicago, Burlington and Quincy Railroad Company, and in order to reach it it is necessary to walk along the piling adjacent to the river. The evidence shows that the night was dark and very foggy, and the last person to see Corrello alive was the night watchman, who saw him going in the direction of the toilet. He asked him who he was and where he was going. Corrello replied that he was a chauffeur and was going to the toilet. He was never seen alive again and his body was recovered from the Chicago river on April 9, 1933.

It is the contention of the plaintiff in error that the circuit court erred in setting aside the award, that it was not contrary to the manifest weight of the evidence, and that the defendant in error, within thirty days after the accident, did have sufficient notice thereof.

It is true, as argued, that the burden rests upon the claimant to show by competent testimony not only the fact of injury but that it occurred in connection with the employment of the deceased; to furnish evidence from which the inference can logically be drawn that the injury arose out of and in the course of the employment, and that the award must be based upon something more than guessing or conjecture. It is also true that the proof of such facts may be established by circumstantial as well as by direct evidence, and that the greater or less probability, leading on the whole to a satisfactory conclusion, is all that can reasonably be required to establish controverted facts. (*Ohio Building Vault Co.* v. *Industrial Board*, 277 Ill. 96; *Vulcan Detinning Co.* v. *Industrial Com.* 295 id. 141; *Hydrox Chemical Co.* v. *Industrial Com.* 291 id. 579.)

In addition to the facts stated it was proved that Corrello was a strong, healthy man; that his home life was happy; that he owned several pieces of income-producing property; was in good financial condition; was of a happy disposition, and had given a party for his step-daughter the night before his disappearance. In the absence of evidence to the contrary it is presumed that the love of life and instinct for self-preservation are present in every man. In cases where a state of facts exists upon which a theory of suicide or a theory of accident might otherwise be equally probable the theory of accident will prevail. (*Sparks Milling Co.* v. *Industrial Com.* 293 Ill. 350; *Wilkinson* v. *Ætna Ins. Co.* 240 id. 205.) With this presumption in mind, we find no difficulty presented by this record. The deceased had every reason to want to live, as against the flimsiest sort of reasons advanced for assuming his intentional self-destruction. The time and place where the accident occurred, the condition of the weather, his known and legitimate reason for going to the place of his death, his relative unfamiliarity with the surroundings at that place—in short, all of the circumstances—lead the mind of a reasonable man to a conclusion that the death was accidental rather than self-inflicted. This was the finding of the arbitrator and of the Industrial Commission. It is amply supported by evidence and should not have been disturbed by the circuit court. *Northwestern Wire Co.* v. *Industrial Com.* 353 Ill. 371; *Rittler* v. *Industrial Com.* 351 id. 338.

On the authority of *Haiselden* v. *Industrial Board,* 275 Ill. 114, and *Bushnell* v. *Industrial Board,* 276 id. 262, it is urged that there was no notice of the accident within thirty days after it happened; that this want of notice is jurisdictional, and that for this reason there can be no recovery. The surviving widow testified that within three weeks after the disappearance of her husband she had a conversation with Mr. Baker, one of the officials of the Consumers Company, in which she suggested the possibility

of Tony's having fallen in .the river, and Baker did not deny that Mrs. Corrello had suggested this theory to him.

It is necessary that statutes be so construed as to give effect to each word, clause and sentence, in order that no such word, clause or sentence may be deemed superfluous or void. (*Crozer* v. *People,* 206 Ill. 464; *People* v. *Flynn,* 265 id. 414.) Section 24 of the Compensation act provides that there shall be no proceedings for compensation unless notice of the accident has been given as soon as practicable, but not later than thirty days after the accident, with certain exceptions not here material. The section further provides that no defect or inaccuracy of such notice shall be a bar to the maintenance of such proceedings unless the employer proves that he is unduly prejudiced by such defect or inaccuracy of notice. The section also contains the following words: "Notice of the accident shall give the approximate date and place of the accident, *if known,* and may be given orally or in writing." Section 24 must be construed as a whole, and we may not omit any of its words from consideration.

In *Raymond* v. *Industrial Com.* 354 Ill. 586, which was in some ways similar to this case, we said: "It is thus apparent that the central intent of the legislature was that such latitude and liberality in the matter of notice might be indulged as would be consistent with due protection of the employer against unjust concealment of claims. In this case there is no element of unjust concealment and no prejudice to the employer resulting from any defect or inaccuracy of notice." The *Raymond case* was decided more than two years ago, and the legislature has not interfered with our construction. We therefore assume it to be in harmony with legislative intent. We are now considering a question slightly different but which falls within the same principle.

We are of the opinion that it was the intention of the legislature to require the employee or his dependent to

place the employer in possession of all known facts within thirty days after the accident, "if known," and if not known, within a reasonable time after their ascertainment. To hold otherwise would be to entirely ignore the quoted words and render the entire act inapplicable to such cases as the present one, to which it was obviously intended to apply. The record discloses that the widow talked to the employer about the possibility of accidental drowning, and this came as near to being a notice as it was possible for one person to give another under the circumstances. It may have been very defective and inaccurate as a notice—it was undoubtedly a mere conjecture—but the facts were as apparent to one of the parties as to the other, and the employer was in no way prejudiced by the defect or inaccuracy, no matter how great.

Upon the whole record we are convinced that the Industrial Commission arrived at a correct conclusion and that the circuit court erred in setting aside its award.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to render judgment upon the award of the Industrial Commission.

*Reversed and remanded, with directions.*