(No. 43045.—

PAUL ZBILSKI, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(INDUSTRIAL CONDENSER CORP., Appellant.)

*Opinion filed April 1, 1971.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (SIDNEY Z. KARASIK, JAMES F. GORMAN, and GEORGE W. ANGERSTEIN, of counsel,) for appellant.

J. MICHAEL MADDA and BARCLAY, DAMISCH & SINSON, both of Chicago, (LORETTA C. DIDZEREKIS, of counsel,) for appellee.

Mr. JUSTICE RYAN delivered the opinion of the court:

The employer (Industrial Condenser Corp.) appeals to this court from an order of the circuit court of Cook County which vacated and set aside the decision of the Industrial Commission and substituted in its stead the decision of the arbitrator.

Claimant, an employee of the respondent, fell and was injured while walking from the washroom at his place of employment. The respondent claims that the claimant fell as a result of an idiopathic seizure, and was not entitled to compensation under the Workmen's Compensation Act. The arbitrator found for the claimant and entered an award in his favor. On review, the Industrial Commission entered an order which recited in the first paragraph that the claimant had received an accidental injury arising out of and in the course of his employment. The findings in paragraphs 2, 3, and 4 of the order are not important to this opinion. In paragraph 5 of the order the Commission found that the accidental injury did not result in any permanent disability or serious and permanent disfigurement for which compensation would be payable. It was then ordered that the claimant was not entitled to compensation and that the decision of the arbitrator be reversed. This order was entered on October 15, 1968, and a copy thereof was sent to the respective counsel on the same day. On October 18,

1968, the claimant filed his *praecipe* for writ of *certiorari* with the clerk of the circuit court of Cook County, and on October 21, 1968, a writ of *certiorari* was filed with the Commission.

On October 28, 1968, the Commission wrote a letter to counsel for both parties advising "all parties of record of an error existing in the decision on review" and stating that at the direction of the hearing commissioner "all copies of said decision are hereby recalled and in due course copies of a corrected decision will be issued in lieu thereof." The letter then requested the attorneys to return their copies of the decision to the Commission. Claimant did not return his copy of the decision and the Commission never issued a corrected decision. Section 19, paragraph (f), of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(f)) provides that the Commission may on its own motion correct any clerical error or error in computation within 15 days after the date of receipt of any decision on review of the Commission and shall have the power to recall the original decision on review and issue in lieu thereof a corrected decision. The Commission did within this time limit inform the parties that an error had been made in the decision on review and recalled the same. The mere fact that the claimant had filed his *praecipe* for writ of *certiorari* and the writ had been issued prior to the date that the Commission sent out its letter, did not divest the Commission of the authority granted to correct any errors under the provisions of section 19(f) of the Act.

From the copy of the order of the Commission incorporated in the record, it appears that the same was a printed or mimeographed form order with certain blanks filled in. The form of order used by the Commission appears to be one that would have been appropriate in a situation where the arbitrator had made an award for permanent disability but the Commission reversed the arbitrator, feeling that the employee, while he suffered an accidental injury in

the course of his employment, suffered no permanent disability therefrom. This question does not appear to have been involved in the review by the Commission in this case. The medical testimony shows that the claimant has a permanent disability. The question is whether the disability is the result of an accidental injury covered by the Act.

In the circuit court of Cook County the respondent filed a motion entitled "Motion to Emend and Affirm Decision of the Industrial Commission." Attached to said motion is a certified copy of the letter of October 28, 1968, advising counsel of an error in the decision of the Commission and recalling all copies of the decision. Also attached to said motion was a certified copy of the Industrial Commission's file jacket for the case. At the bottom thereof written in longhand are the following words: "Reversed" and "No Accident." The motion contends that the reason a corrected decision was never issued by the Commission was the claimant's failure to return his copy of the original decision. It was the contention of the respondent in said motion and it is its contention in this court that the clerk in the Industrial Commission's office simply used the wrong form in carrying out the direction of the Commission to reverse the arbitrator, which error resulted in a reversal but for the wrong reason.

The function of the court is limited to a determination of whether findings of the Commission were against the manifest weight of the evidence. (*Ketchum* v. *Industrial Com.*, 43 Ill.2d 166, 168; *Gubser* v. *Industrial Com.*, 42 Ill.2d 559, 562.) Since the Commission in its letter of October 28 acknowledged that there was an error in its decision on review and had recalled the same, the court is not in a position to review the decision of the Commission until a final corrected decision has been made. For this reason the cause must be remanded to the Industrial Commission for further proceedings consistent herewith. See *Pope* v. *Industrial Com.*, 45 Ill.2d 48.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded to the Industrial Commission.           *Reversed and remanded.*