(No. 48931.-

INTERNATIONAL HARVESTER, Appellee, v. THE IN-DUSTRIAL COMMISSION *et al.*—(Irving Steele, Appellant.)

*Opinion filed January 27, 1978.*

GOLDENHERSH, DOOLEY, and RYAN, JJ., dissenting.

Sneider & Troy, of Chicago (Gayle F. Haglund, Robert C. Morton, and Ronald J. Nowicki, of counsel), for appellant.

Raymond J. Kelly and Keith C. Hult, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The claimant, Irving Steele, appeals to this court from an order of the circuit court of Cook County which set aside the decision of the Industrial Commission (Commission) awarding him workmen's compensation benefits. The claimant had been awarded $328 for first aid, medical, surgical and hospital services not covered by the claimant's nonoccupational group insurance plan, and a total of $7,856.64 for temporary total incapacity and for the 20% loss of the use of his legs, pursuant to section 8 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, pars. 138.8(a), (b) and (e)).

The procedural chronology of this case is essential to an understanding of the dispute. On February 4, 1974, the arbitrator, in awarding workmen's compensation benefits, found that the claimant, an induction hardener operator for the employer, International Harvester, sustained an industrial injury on July 10, 1972. After consideration of additional evidence and with the benefit of oral argument, the Commission affirmed the arbitrator's decision. The Commission apparently posted its affirmance on April 10 or 11, 1975. On April 21, 1975, the employer, pursuant to section 19(f) of the Workmen's Compensation Act, filed a petition with the Commission requesting that the Commission correct its decision to reflect that $3,576 had been paid to the claimant through the claimant's nonoccupa-

tional group insurance plan. One week later, on April 28, the Commission filed its written decision. The employer received this decision by certified mail on April 30. On May 19, while the petition to correct was still pending before the Commission, the employer filed a petition for a writ of *certiorari* in the circuit court of Cook County. On July 1, that court granted the employer leave to withdraw the transcript of proceedings to permit the Commission to determine whether it would correct its alleged error. On September 2, hearing was held by the Commission regarding the employer's petition to correct such error, and, on September 25, the Commission entered an order denying the petition. The employer did not file another petition for a writ of *certiorari* subsequent to the September 25 order.

On April 21, 1976, claimant moved the court to strike the May 19 petition for writ of *certiorari* and to dismiss the action on the ground that the court lacked jurisdiction inasmuch as no petition for a writ of *certiorari* had been filed subsequent to the Commission's final decision on September 25, 1975. On July 13, the court denied the motion to dismiss. On August 31, 1976, the court set aside the decision of the Commission, stating that the claimant had not provided the employer with proper notice within 45 days of the accident as required under section 6(c) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.6(c)). The claimant then appealed directly to this court pursuant to Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a)). Because we hold that the court erred by denying the claimant's motion to dismiss for want of jurisdiction, we do not reach the question of whether the claimant properly notified his employer within 45 days of the accident.

Section 19(f)(1) provides that the circuit court shall, by writ of *certiorari*, have the power to review the decision of the Industrial Commission, and that suit shall be

commenced within 20 days of the receipt of notice of the decision of the Commission. (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)(1).) It is well recognized that the circuit court can obtain jurisdiction only in the manner prescribed by the legislature, and that the party petitioning for a writ of *certiorari* must comply with all the conditions required by statute. (*Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 277; *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Com.* (1926), 322 Ill. 403, 405.) Although the statute does not directly define the term "decision," this court has held that "a *final* determination by the Commission is contemplated." (Emphasis added.) (*Metropolitan Sanitary District v. Industrial Com.* (1967), 37 Ill. 2d 447, 449.) The employer acknowledges that it did not petition for a writ of *certiorari* subsequent to the September 25 final decision of the Commission. The employer contends, however, that its May 19 *certiorari* petition was not premature because the circuit court retained jurisdiction over the cause during the period in which the petition to correct was pending before the Commission. The employer's contention rests upon a restrictive interpretation of section 19(f) of the Workmen's Compensation Act, which section reads:

> "The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for appeal or review herein specified shall begin to run from the date of the receipt of the corrected award or decision." Ill. Rev. Stat. 1973, ch. 48, par.

138.19(f).

The employer asserts, in essence, that the Commission's original decision of April 28 was final and appealable *unless* the Commission recalled and corrected its original decision within 15 days. The employer reads the last sentence of section 19(f) to imply that where such correction is *not* made, the time for appeal or review shall begin to run from the date of receipt of the *original* decision. We do not agree.

The purpose of section 19(f) is to provide the Commission an opportunity to correct its own clerical or computational errors so as to avoid the necessity of having the circuit court review such errors. The first sentence of the section provides that the decision of the Commission shall be conclusive unless *reviewed* for such clerical or computational errors. It is apparent that the statute, when read as a whole, vests continuing jurisdiction in the Commission to correct its alleged errors and that its decision is not final until the Commission determines whether or not to correct such errors. This court's decision in *Zbilski v. Industrial Com.* (1971), 48 Ill. 2d 131, supports this interpretation. In *Zbilski,* the Commission, on its own motion and within 15 days of its decision, notified the parties of an error in its decision which denied workmen's compensation benefits. It requested that the parties return their copies of the decision. The employee failed to return his copy and filed a petition for a writ of *certiorari* in the circuit court. Pursuant to the writ of *certiorari,* the circuit court set aside the decision of the Commission and reinstated the decision of the arbitrator awarding compensation. On appeal, this court reversed and remanded to the Commission, holding that "[s]ince the Commission *** acknowledged that there was an error in its decision on review and had recalled the same, the court is not in a position to review the decision of the Commission until a final corrected decision has been

made." *Zbilski v. Industrial Com.* (1971), 48 Ill. 2d 131, 134.

The employer mistakenly construes *Zbilski* to imply that, although jurisdiction to correct errors continued to reside in the Commission, the circuit court also had jurisdiction in the interim. *Zbilski* stands for the proposition that jurisdiction will not attach in the circuit court until the Commission renders its *final* decision. This is so whether the Commission ultimately allows or denies the relief requested in a petition to correct errors. This proposition is fully consistent with accepted procedural practices in related areas of the law. For example, a timely motion for rehearing, filed with an administrative agency pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264), prevents the original decision or order of the agency from being final and appealable. Only upon the disposition of the motion itself will the agency determination constitute a final and appealable order. Prematurely filing a petition for review in the court (prior to disposition of the motion pending before the agency) cannot confer jurisdiction to the reviewing court. See *Clean Air Coordinating Committee v. Environmental Protection Agency* (1976), 42 Ill. App. 3d 124, 128; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 227.

The employer reads this court's decision in *Schumann v. Industrial Com.* (1975), 61 Ill. 2d 241, as implicitly recognizing that it need not file another petition for a writ of *certiorari* after the rendering of the Commission's section 19(f) decision. The *Schumann* opinion, however, does not indicate whether, subsequent to the Commission's corrected decision, the claimant filed a second petition for a writ of *certiorari*. In *Schumann*, the Commission reversed the arbitrator's award, finding that notice to the employer was not provided within the statutory time limit. The employer, noticing an incon-

sistency in the Commission's decision, filed a timely motion with the Commission to correct the alleged error, while the claimant proceeded to file a petition for a writ of *certiorari* in the circuit court. Shortly thereafter, the Commission issued a corrected decision. On *certiorari,* the trial court set aside both decisions of the Commission and reinstated the arbitrator's award. Upon reviewing the case on its merits, this court reversed the judgment of the circuit court. The issue of the circuit court's jurisdiction was not raised or addressed in the *Schumann* case.

It should be recalled that, in this case, the employer chose to petition the Commission to correct an alleged error. Upon filing such petition, it became incumbent upon the employer to await the Commission's final determination before seeking review in the circuit court.

Section 19(f) and section 19(f)(1) are consistent with accepted procedural practice only if they are interpreted to provide (1) that the arbitrator, the Commission or either party must submit any motion to correct clerical or computational errors within 15 days after the receipt of the arbitrator's findings or of the Commission's decision on review; (2) that, upon the timely submission of such motion, the arbitrator or the Commission shall retain exclusive jurisdiction over the cause until said motion is finally resolved; and (3) that any petition for a writ of *certiorari* filed prior to the resolution of a motion to correct such errors is premature, in that it is based on a decision which is not final and appealable.

The employer's May 19 petition for a writ of *certiorari,* filed prior to the Commission's final determination, was premature. As a consequence, the circuit court lacked jurisdiction to review the decision of the Industrial Commission and, therefore, erroneously denied the claimant's motion to dismiss for want of jurisdiction.

Accordingly, the judgment of the circuit court of Cook County is reversed and the decision of the Industrial

Commission is reinstated.

*Judgment reversed; award reinstated.*

MR. JUSTICE GOLDENHERSH, dissenting:

I agree with and join in Mr. Justice Dooley's dissenting opinion. I would also point out that the effect of the majority opinion is to create a petition for rehearing procedure where none was intended by the statute. The record shows that the Industrial Commission posted notice of its decision on April 10, 1975, and that the employer received the Commission's decision on April 30. Prior thereto the employer had filed a petition pursuant to section 19(f) (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)) requesting that the Commission correct its decision by reflecting certain credits for payments made by the employer. As stated by Mr. Justice Dooley, the "correction" requested was clearly not the type of "clerical error" or "error in computation" contemplated by the statute.

The Commission did not enter an order denying the petition until September 25, 1975. The practical effect of the majority decision, therefore, was to extend from April 30 to September 25, a period of approximately five months, the time when the period during which *certiorari* could be sought commenced to run.

The claimant here was injured on July 2, 1972. The arbitrator's decision was not rendered until February 4, 1974. The statute should not be interpreted so as to further delay the disposition of the claims of injured employees. It is clear from the explicit language of the statute that it is only "[w]here such correction is made" that the time during which *certiorari* may be sought begins to run from the date of the receipt of the corrected award or decision. (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f).) I agree with Mr. Justice Dooley that we should consider this case on its merits.

MR. JUSTICE RYAN joins in this dissent.

MR. JUSTICE DOOLEY, also dissenting:

There are compelling reasons which dictate against the conclusion reached here. First, the decision of the Industrial Commission was never corrected. This means there was but one viable decision from which review had to be sought. Secondly, it is an approved practice that, during the pendency of an appeal to the circuit court from the Industrial Commission, the circuit court—as was done here—may allow the Industrial Commission to withdraw its return to the writ of *certiorari* and make corrections in the recorded proceedings. Thirdly, section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)) is inapplicable to this situation, involving more than an error in computation. And, lastly, this construction of the statute would deprive the employer of a very substantial right, namely, that of review.

There is but one decision of the Commission from which an appeal was taken. Under the statute in question, the decision of the Commission is "conclusive" unless review by a writ of *certiorari* to the circuit court is commenced within 20 days of the receipt of notice of the decision of the Commission. Section 19(f) permits clerical errors in the computation of the award of the arbitrator or the decision of the Commission to be corrected within 15 days after the receipt of the award or decision, whatever the case may be. And—this is important—"[w]here such correction is made the time for appeal or review herein specified shall begin to run from the date of the receipt of the corrected award or decision." Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f).

Here, on April 30, 1975, the employer was notified of the adverse decision of the Industrial Commission. Within 20 days it commenced a suit in the circuit court by *certiorari* to review that decision. During the pendency of the cause in the circuit court, on motion of the employer,

the court entered an order releasing the transcript of proceedings so that it could be returned to the Commission to show that a substantial sum had been paid claimant through a nonoccupational group insurance plan.

But on September 25, 1975, the Commission denied the employer's petition to change the transcript so as to give it this particular credit. Obviously, the decision of the Commission was the same as that which the employer had received on April 30, 1975, and from which review had been timely sought. Accordingly, the clause in 19(f)—"[w]here such correction is made the time for appeal or review herein specified shall begin to run from the date of the receipt of the corrected award or decision"—has no application here.

The statement, "[t]he employer's May 19 petition for a writ of *certiorari,* filed prior to the Commission's final determination, was premature" (71 Ill. 2d at 188), fails to recognize that unless the employer sued out the writ of *certiorari* on May 19, 1975, the award would have been "conclusive." Since the Commission did not alter its original decision, there was no decision of the Industrial Commission to appeal from on September 25, 1975. The employer's lawyer, in appealing from the decision received April 30, 1975, did what any careful practioner would do to obtain a review of this decision.

The inherent error in the majority opinion, in my opinion, is the want of recognition that the proper practice during the pendency of an appeal from the Industrial Commission to the circuit court is for the circuit court to enter an order authorizing the Industrial Commission to withdraw its return to the writ of *certiorari* and to make corrections even in the report of proceedings before the Commission.

In *Lumbermen's Mutual Casualty Co. v. Industrial Com.* (1922), 303 Ill. 364, the petitioner filed a motion to

quash the writ of *certiorari* to the circuit court from the Industrial Commission. It was urged that the court lacked jurisdiction since the record returned to the writ did not contain the employer's insurance policy and since no stenographic report, authenticated by the parties or the arbitrator, had been filed at the time of hearing on review.

The employer moved the court for leave to withdraw the return to the writ of *certiorari* so that corrections and additions could be made to show a complete record of the proceedings before the arbitrator and the Industrial Commission. This motion was denied. The writ was quashed and the proceeding dismissed. In reversing the circuit court, this court stated:

"A party seeking a review and acting in good faith complies with the law by filing a transcript within the time limited and cannot be prejudiced by the fact that there are disputes as to its correctness. When a record is returned to a writ of *certiorari* the court has power to authorize the withdrawal of the record to make additions and corrections so as to make it speak the truth, [citation] and having that power, should exercise it upon a showing that the return is incomplete or incorrect." 303 Ill. 364, 369.

To the same effect see *Heckard v. Industrial Com.* (1933), 353 Ill. 197, 200, and *Lawrence Ice Cream Co. v. Industrial Com.* (1921), 298 Ill. 175, 180.

Section 19(f) is not relevant here. It deals with a clerical error or errors in computation. This is illustrated in the case law as failures to fix the time for commencement of payments (*Franklin County Mining Co. v. Industrial Com.* (1926), 323 Ill. 98, 107) or rendering an order for compensation for the loss of use of the wrong extremity (*Centralia Coal Co. v. Industrial Com.* (1920), 294 Ill. 325, 326). These would understandably be within the provision of section 19(f).

Here there was no such error in computation. What the employer sought was to have the award reflect a credit of $3,576 representing the sum the claimant had received as a result of a nonoccupational group insurance plan. In allowing the employer's motion to withdraw the transcript of proceedings to bring this matter before the Commission, the circuit court could well have acted under its powers spelled out in *Heckard v. Industrial Com.* (1933), 353 Ill. 197, *Lumbermen's Mutual Casualty Co. v. Industrial Com.* (1922), 303 Ill. 364, and *Lawrence Ice Cream Co. v. Industrial Com.* (1921), 298 Ill. 175. This is what occurred here. The jurisdiction of the circuit court was in nowise impaired.

Lastly, I have noted that the statute, as construed, would mean that the employer had been deprived of a very substantial right, that of reviewing the decision of the Industrial Commission. And this, notwithstanding there was no corrected decision of the Industrial Commission which would make section 19(f) operative.

It is well established that our function is to construe statutes so as to be applied in a practical and common sense manner. (*People ex rel. Singer v. Illinois Central R.R. Co.* (1940), 373 Ill. 523, 526; *People ex rel. Schaefer v. New York, Chicago & St. Louis R.R. Co.* (1933), 353 Ill. 518, 521.) Our duty is to divine the intent of the General Assembly and, in so doing, consider the purpose of the law and the object to be accomplished. (*People v. McCoy* (1976), 63 Ill. 2d 40, 45; *People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 543.) In accomplishing this obligation, each word, clause or sentence must be given effect wherever possible so that no such word, clause or sentence may be deemed superfluous or void. *Consumers Co. v. Industrial Com.* (1936), 364 Ill. 145, 149.

It is obvious that the General Assembly intended this particular statute to cover situations where there was an error in computation, and where the writ of *certiorari* had

not been sued out—not situations where an employer contends that he should receive a credit.

The majority interprets the statute so as to deprive a party of the right of review. I do not believe the General Assembly intended that the path from the Industrial Commission to the circuit court should be an obstacle course.

We should decide this case on the merits.