AMERICAN CAN COMPANY, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Beverly Edgin, Appellee).

First District (Industrial Commission Division)   No. 1—85—3069WC

Opinion filed October 29, 1986.

Robert B. Young, of Gifford, Detuno & Gifford, Ltd., of Chicago, for appellant.

James L. Kaplan and Kathleen Boyle Anderson, both of Kaplan & Sorosky, Ltd., of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The circuit court granted the petitioner's, Beverly Edgin's, motion to quash the respondent's, American Can Company's, summons for review. The respondent appeals.

On April 18, 1981, the petitioner sustained work-related injuries. The petitioner sought benefits under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*). On April 5, 1983, an arbitrator awarded the petitioner $259.50 per week for 9 5/7 weeks temporary total incapacity and $259.50 per week for 152 3/4 weeks for the permanent and complete loss of use of 30% of her right arm and 35% of her left arm.

On March 13, 1985, the Industrial Commission affirmed the arbitrator's award, modifying the 9 5/7 weeks to 9 4/7 weeks. Bond was set at $39,700. On March 18, 1985, the petitioner filed a motion to recall the Commission's decision for failure to include an interest provision. On March 27, 1985, the respondent filed a summons for workers' compensation review and a bond of $39,700. On April 2, 1985, the petitioner filed a motion to quash, contesting the circuit court's jurisdiction.

On April 5, 1985, the Commission ordered the return of its decision. On May 10, 1985, the Commission issued a corrected decision, which included an interest provision. Bond remained at $39,700.

On May 23, 1985, the respondent filed a second summons for workers' compensation review. This summons was filed with the same circuit court case number as the first summons. While it stated that a bond for $39,700 had been filed and approved by the clerk, the only bond on file was the original one.

Thereafter, the petitioner filed an amended motion to quash the respondent's second summons. The circuit court, on September 19, 1985, granted the petitioner's motions to quash. The court found that the first summons was not based upon a final order and that the second summons did not comply with section 138.19(f) of the Act. (Ill.

Rev. Stat. 1981, ch. 48, par. 138.19(f).) Specifically, the court stated that the respondent had had two forms of recourse for challenging the corrected decision. It could have filed a request for a new summons, or it could have asked the court for leave to amend the original summons and to permit the original bond to stand as security.

On September 25, 1985, the petitioner died from causes unrelated to her industrial accident. On October 15, 1985, the respondent filed its instant notice of appeal from the orders to quash.

The petitioner's spouse died on October 26, 1985. He was survived by the couple's only child (the son), who was fully emancipated. On December 20, 1985, the petitioner filed a motion with this court requesting the court to "spread of record" the deaths of the petitioner and her spouse, and requesting the court to substitute the son in his capacity as executor of the estate of the petitioner's spouse. This court granted the petitioner's motion on January 7, 1986.

On January 10, 1986, the respondent filed a motion to vacate the January 7 order. This court granted the respondent's motion. On January 16, 1986, the respondent filed an objection to the petitioner's motion to substitute, and argued that the award for a specific loss abated upon the death of the petitioner's spouse.

On January 31, 1986, the petitioner filed an amended motion to "spread of record" the deaths and to substitute the son in his capacity as executor of the petitioner's spouse's estate, or, in the alternative, to substitute him in his capacity as executor of the petitioner's estate. The respondent answered with its abatement argument.

■ The respondent first argues on appeal that the circuit court erred when it dismissed the respondent's appeal for lack of jurisdiction. In support of its argument, the respondent asserts that its first summons was proper since the Industrial Commission did not have jurisdiction to correct because it did not recall the decision within 15 days as required by *PPG Industries, Inc. v. Industrial Com.* (1982), 91 Ill. 2d 438, 438 N.E.2d 173.

Section 19(f) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)), provides that the arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical errors in computation within 15 days after the date of receipt of any award of such arbitrator or decision on review of the Commission. The *PPG* case, in interpreting section 19(f), states that the 15-day limitation applies to the time in which an original opinion must be recalled and not to the time in which the corrected decision must be issued. In *PPG* the arbitrator recalled his decision within 15 days of entering it. He then issued a corrected decision more than 15 days af-

ter entry of the original decision. The appellant argued that the arbitrator's corrected decision was void because it was not issued within 15 days from submission of the original decision. The *PPG* court disagreed and held that the arbitrator only had to recall his decision within 15 days.

We find that the *PPG* court's use of the word "recall" was limited to the facts of that case. The court was saying there that the initial step in recalling the decision, *i.e.*, either the arbitrator's recalling the decision of his own volition or one of the parties' submitting its motion to correct, had to be done within 15 days. In the instant case, the petitioner filed her motion to correct within 15 days. Accordingly, we find that the Commission properly recalled its decision. After the recall, the Commission's order was not final and appealable until the Commission issued its corrected order.

The respondent admits that *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 374 N.E.2d 182, requires refiling of a summons following the issuance of a corrected final decision by the Industrial Commission. The respondent contends, however, that we should not rely upon *International Harvester* as the refiling requirement of that case invites abuse. According to the respondent, a party could file a frivolous petition to correct, then dismiss it on the 21st day following the original decision; thus, the nondismissing party would be deprived by passage of the time for appeal of its statutory right to appeal.

■ The respondent's reasoning is faulty, as *International Harvester* deals with this potential for abuse. The *International Harvester* court held that in cases involving possible recall, the time for appeal did not run from the date of receipt of the original decision but, rather, that the Commission's decision was not final and appealable until the Commission decided whether it would correct any alleged errors. (71 Ill. 2d 180, 374 N.E.2d 182.) Accordingly, a motion to correct stays the running of the 20-day period to appeal, even if the moving party later dismisses the motion. In that case, the 20-day period to appeal would begin running upon the opponent's receipt of the notice of dismissal. See also *Menozzi v. Industrial Com.* (1983), 96 Ill. 2d 468, 451 N.E.2d 853; *Zbilski v. Industrial Com.* (1971), 48 Ill. 2d 131, 268 N.E.2d 395.

■■ ■ Finally, regarding the issue of the circuit court's jurisdiction, the respondent argues that it complied with the statutory requirements for review by a circuit court. To require the filing of a second suit with a new circuit court file, it argues, would be judicially inexpedient and costly. The respondent further notes that the bond re-

quirement in the corrected decision was the same as in the original decision. It asserts that the bond remained in effect and covered the second summons.

The petitioner argues that there is no evidence in the record to support the respondent's position that the original bond covers the corrected decision, that there is no evidence the respondent made a written request to the court clerk to issue the second summons, and that the petitioner was required to file a new circuit court suit with a new file number.

A circuit court's jurisdiction to review a decision of the Industrial Commission is a special statutory power. (*Daugherty v. Industrial Com.* (1983), 99 Ill. 2d 1, 457 N.E.2d 381.) While circuit courts are courts of general jurisdiction and enjoy a presumption of subject matter jurisdiction, this presumption is not available in compensation cases. Strict compliance with the statutory requirements for the issuance of a writ of *certiorari* must affirmatively appear in the record. *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866.

The Act requires that the party seeking review in the circuit court request in writing that the court clerk issue a summons, pay the cost of obtaining a record of the Commission's proceedings, exhibit to the court clerk proof of such payment by filing either a receipt showing payment or an affidavit of the attorney setting forth that payment has been made, and file with the court clerk a bond conditioned that if the appellant does not successfully prosecute the review he will pay the award and the costs of the proceedings in the courts. Ill. Rev. Stat. 1981, ch. 48, par. 138.19 (f).

The record tends to show that the respondent made no attempt to file a new summons, but simply refiled its original summons. This was improper in that, because the respondent's first summons was premature and therefore void, the respondent was required to file a new summons strictly complying with the requirements of the Act. See *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 374 N.E.2d 182; *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866.

Accordingly, we find that the circuit court correctly ruled that it did not have jurisdiction to hear the respondent's appeal.

■ Second, the respondent argues on appeal that the deaths of the petitioner and her husband abated the award.

Due to the deaths of the petitioner and her husband during the pendency of this appeal, this issue is raised for the first time in this court. It is established law that an issue cannot be raised for the first time in a court of review. (*Penny Cab Co. v. Industrial Com.* (1975),

88

60 Ill. 2d 217, 326 N.E.2d 393.) Having affirmed the circuit court's finding that it lacked jurisdiction to consider the instant case, we cannot now address the abatement issue.

The judgment of the circuit court of Cook County is affirmed as amended.

Judgment affirmed as amended.

WEBBER, P.J., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.