JAMES M. KELLY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (City of Urbana, Appellee).

Fourth District (Industrial Commission Division)   No. 4—89—0754WC

Opinion filed September 25, 1990.

Paul C. Hendren, of Miller & Hendren, of Champaign, for appellant.

Rasa E. Norusis, of Cohn, Lambert, Ryan, Schneider & Harman, Ltd., of Chicago (Michael R. Schneider, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, James M. Kelly, appeals from the circuit court's order granting the respondent's motion to quash his workers' compensation judicial review as being untimely filed.

The petitioner filed an application for adjustment of claim under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*), alleging that he had suffered an injury on November 1, 1982, while working for the respondent, the City of Urbana. On February 26, 1985, an arbitrator awarded him temporary total disability benefits pursuant to section 8(b) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(b)). In addition, the arbitrator found that he was

permanently partially disabled to the extent of 12% (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(d)(2)).

On review, the Industrial Commission (Commission) issued a pre-decision memorandum dated June 25, 1987, reversing the arbitrator and finding that the petitioner had failed to prove an accident and a causal connection. On December 4, 1987, the Commission issued a full written decision finding that the petitioner had failed to prove he sustained accidental injuries arising out of and in the course of his employment on November 1, 1982. The decision did not address the pre-decision memorandum finding of no causal connection. On December 10, 1987, the respondent filed a motion to recall the Commission's decision for failure to include findings of fact and conclusions of law regarding the causal connection issue.

On December 23, 1987, while the motion to recall was still pending before the Commission, the petitioner filed for judicial review in the circuit court. On September 16, 1988, the Commission issued an order denying the respondent's motion to recall. Thereafter, the petitioner did not refile for judicial review. On December 6, 1988, the respondent filed a motion to quash the petitioner's summons contending that it had not been timely filed pursuant to section 19(f) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)), as interpreted in *International Harvester v. Industrial Comm'n* (1978), 71 Ill. 2d 180, 374 N.E.2d 182. The circuit court agreed and dismissed the petitioner's appeal for lack of subject matter jurisdiction.

The respondent had also filed a second motion to quash based on the petitioner's alleged failure to name the City of Urbana as a party in his written request for summons. The circuit court never ruled on this second motion.

The petitioner first argues on appeal that the circuit court erred when it dismissed his appeal. He criticizes the rationale of the majority of the divided *International Harvester* court as being contrary to the plain meaning of section 19(f) and urges this court not to follow that reasoning.

Section 19(f) of the Act reads:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and

shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for review herein specified shall begin to run from the date of the receipt of the corrected award or decision." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f).

In *International Harvester*, the employer filed a section 19(f) motion with the Commission, requesting a correction in the Commission's original decision to reflect that money had been paid to the claimant through the claimant's nonoccupational group insurance plan. While the motion was still pending, the employer filed a petition for writ of *certiorari* in the circuit court. The Commission subsequently entered an order denying the motion, after which the employer failed to file another petition for a writ of *certiorari*. In holding that the circuit court should have dismissed the petition for lack of jurisdiction, the supreme court stated that upon the timely submission of a section 19(f) motion, the Commission retains jurisdiction over the cause until the motion is finally resolved and any petition for a writ of *certiorari* filed prior to the resolution of a section 19(f) motion to correct is premature, in that it is based on a decision which is not final and appealable.

The petitioner places much emphasis on the dissenting opinions in *International Harvester*, which construed the statute as providing that the time during which *certiorari* may be sought begins to run from the date of the original decision where no correction is made by the Commission. Furthermore, he claims that the majority's holding has been criticized in subsequent cases. He cites *PPG Industries, Inc. v. Industrial Comm'n* (1982), 91 Ill. 2d 438, 438 N.E.2d 173, and *Menozzi v. Industrial Comm'n* (1983), 96 Ill. 2d 468, 451 N.E.2d 853, for that proposition.

We note that the above-mentioned cases cited by the petitioner do not criticize the majority's holding in *International Harvester*, but rather follow it approvingly. The *PPG* and *Menozzi* courts discussed the rationale of the dissenters only in response to the appellants' arguments relying on those dissents. In both cases, the courts disposed of the appellants' arguments merely by noting that the facts that were of concern to the dissenters were not present. In light of the fact that the holding in *International Harvester* has not been overruled or eroded in any way, this court must follow it.

The petitioner next attempts to distinguish the instant case from *International Harvester*. He points out that in *International Harvester* it was the employer, not the employee, who was effectively de-

prived of judicial review. He also notes that in *International Harvester* the same party petitioned for a correction and sought judicial review. In that regard, he suggests that the refiling requirement invites abuse. According to the petitioner, the respondent could have filed a petition to correct, then dismissed it 21 days after the original decision, thereby depriving him of review if he had not filed a petition for judicial review within 20 days of the original decision.

■■ We initially note that the petitioner's employer-employee distinction is faulty. Section 19(f) does not differentiate between parties. Moreover, the *International Harvester* decision did not rest on any such distinction between employer and employee nor did it rest on the condition that the same party petitioning for a correction must also file for judicial review.

Regarding the petitioner's potential abuse argument, we note that the same argument was rejected in *American Can Co. v. Industrial Comm'n* (1986), 149 Ill. App. 3d 83, 500 N.E.2d 544. The *American Can Co.* court stated that the Commission's decision is not final and appealable until the Commission decides whether it will correct any alleged errors. A motion to correct stays the 20-day period to appeal, even if the moving party later dismisses the motion. In such a case, the 20-day period to appeal begins running upon the opponent's receipt of the notice of dismissal. Accordingly, we find that the circuit court properly concluded that the petitioner's attempts to distinguish the instant case from *International Harvester* were too strained.

Next, the petitioner argues that the respondent's motion to recall did not allege a clerical error and therefore that motion was a nullity. He relies on *Wilson-Raymond Constructors Co. v. Industrial Comm'n* (1980), 79 Ill. 2d 45, 402 N.E.2d 584, in support of his position.

We find that the petitioner's reliance on *Wilson-Raymond Constructors Co.* is misplaced. In that case, the petition to correct requested reconsideration of the merits and presentation of further evidence. In contrast, in the instant case, the petition to correct drew attention to the inconsistency between the predecision memo and the actual decision and requested that the Commission resolve that inconsistency.

■■ As such, the instant case was similar to *Menozzi v. Industrial Comm'n* (1983), 96 Ill. 2d 468, 451 N.E.2d 853, and *International Harvester v. Industrial Comm'n* (1978), 71 Ill. 2d 180, 374 N.E.2d 182, in which the courts found that section 19(f) of the Act was applicable regardless of whether the error was technically characterized as "clerical" or "substantive." In *International Harvester*, the error urged for correction was the failure to credit an earlier payment of

nonoccupational benefits against an award of workers' compensation benefits. In *Menozzi*, the petition to correct alleged that the amount of bond bore no relationship to the amount of the award. The *Menozzi* court found that a party who is convinced that an order of the Commission contains a substantial error or inconsistency should be allowed to request a correction, as the statute plainly allows him to do. We find that the *Menozzi* rationale is controlling here.

Lastly, the petitioner contends that he substantially complied with the requirements of section 19(f) and therefore his appeal should not have been dismissed.

■■ The cases relied upon by the petitioner, characterized by *Sprinkman & Sons Corp. v. Industrial Comm'n* (1987), 160 Ill. App. 3d 599, 513 N.E.2d 1188, are distinguishable. In *Sprinkman*, the Commission issued a predecision memorandum affirming the arbitrator's ruling. However, before the Commission issued its actual decision affirming the arbitrator, the petitioner filed for judicial review. Finding that the petitioner's writ of *certiorari* was timely, albeit prematurely, filed, the court distinguished *International Harvester* on the grounds that there a petition to correct was pending whereas in *Sprinkman* no petition was filed. Accordingly, we conclude that *International Harvester* controls the outcome here and therefore the circuit court properly dismissed the petitioner's appeal for lack of jurisdiction.

The judgment of the circuit court of Champaign County dismissing the petitioner's appeal for lack of jurisdiction is affirmed.

Affirmed.

McNAMARA, WOODWARD, McCULLOUGH and LEWIS, JJ., concur.