NATIONAL BISCUIT, INC., Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Henry E. Mosterd, Appellee).

First District (Industrial Commission Division)   No. 1—84—385WC

Opinion filed October 9, 1984.—Rehearing denied November 30, 1984.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (Francis J. Lynch, of counsel), for appellant.

J. Michael Madda, of Chicago (Richard E. Aleksy, of counsel), for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Henry E. Mosterd claimed benefits under the Workers' Compensation Act for injury to his back received while employed at National Biscuit, Inc. (Nabisco). The arbitrator granted payment for medical services and for 211³/₇ weeks' temporary total disability. The Indus-

trial Commission affirmed the arbitrator's decision, but modified it by granting benefits for permanent total disability. The circuit court confirmed. Nabisco appeals, contending that the Commission failed properly to weigh the evidence but rather substituted the arbitrator's factual determination for its own and that the Commission's finding that the injury is permanent is against the manifest weight of the evidence.

We conclude that the Industrial Commission did not make an independent evaluation of the evidence and that this failure is dispositive of the case on appeal.

The 53-year-old claimant claimed he was injured on August 30, 1977, when he attempted to move aside a steel platform while at work in the Nabisco plant. Briefly, the evidence shows that claimant has a history of back injuries, having injured his back at Nabisco in 1953 and in 1958, and in car accidents in 1964 and in 1966. He injured his back a third time at work in 1965, for which he received a workers' compensation settlement representing $7\frac{1}{2}\%$ loss of the use of each leg. The accident which is the subject of this claim was the fourth injury claimant received on the job. A treating physician diagnosed claimant's condition as large defects at L4-L5 with a smaller defect at L3-L4, and spondylosis of the lumbosacral spine with a degenerative disc disease. The doctor further testified that the injury of August 30, 1977, aggravated a previously existing state of lumbosacral spondylosis. In response to a description of claimant's occupation, the doctor stated that he could do work, but none that required heavy lifting, acute back bending, or protracted walking, standing or straining. Claimant testified that he had been unable to return to work since the accident.

The principal evidentiary issue was whether claimant had in fact done heavy work on his house and in his yard, particularly during 1978 and a three- or four-week period in 1979. There was a substantial conflict in the testimony. Witnesses for Nabisco testified to having seen claimant doing heavy work, while claimant's witnesses testified that he had not.

The arbitrator's decision makes no reference to the conflict in the testimony in finding that the claimant is entitled to temporary total disability for $211\frac{3}{7}$ weeks. Inferentially, he must have accepted the testimony of the claimant's witnesses.

The Commission's decision refers to the conflicting evidence on the question of whether the claimant had done heavy work around the house after his claimed injury and states:

"All of the testimony presented was conflicting; *the Arbitrator*

*heard and saw the witnesses and was in the best position to determine their credibility. While the Commission may or may not have reached the same conclusion, the Arbitrator resolved the conflict* in favor of Petitioner and Petitioner's son, who both testified Petitioner had not performed the work." (Emphasis added.)

Our supreme court has most recently stated:

"[I]t is the peculiar province of the Industrial Commission to determine the credibility of witnesses, to weigh the testimony, and to determine the weight to be given to the evidence. Regardless of whether or not the Commission hears testimony in addition to that heard by the arbitrator, it exercises original jurisdiction and is in no way bound by the arbitrator's findings. *Seiber v. Industrial Com.* (1980), 82 Ill. 2d 87, 97; *Orr v. Industrial Com.* (1970), 47 Ill. 2d 242, 243." *Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 405.

The Commission has original, not appellate, jurisdiction to review evidence taken before the arbitrator and to consider the evidence properly presented to it. (*Gray v. Industrial Com.* (1979), 76 Ill. 2d 552, 558.) This review is neither a trial *de novo* nor simply a review of the record, but it is *sui generis*. (*Gray v. Industrial Com.* (1979), 76 Ill. 2d 552, 558.) The Commission is not bound by the arbitrator's findings; it must consider all evidence presented to it and to the arbitrator in reaching a decision. (*Gray v. Industrial Com.* (1979), 76 Ill. 2d 552, 559; *Leason v. Industrial Com.* (1973), 55 Ill. 2d 486, 493.) While the arbitrator's findings are not without legal significance, and are entitled to some consideration, the Commission must resolve disputed questions of fact and draw reasonable inferences from them. *Newgard v. Industrial Com.* (1974), 58 Ill. 2d 164, 169-70.

While the Commission titled a part of its decision "Findings of Fact and Conclusions of Law," except as to the ultimate conclusion that claimant is totally and permanently disabled as of August 30, 1977, the Commission has made no findings of law and fact.

Claimant argues that, in the absence of evidence to the contrary, it is presumed that the Commission properly performed its duties. (*Cf. Thomas v. Industrial Com.* (1980), 78 Ill. 2d 327, 336.) However, the clear language of the decision of the Commission destroys any possible presumption. Claimant in his brief suggests that we should imply additional language so that the statement would read, "We may or may not have reached the same conclusion, depending on the facts and circumstances of the case and our view of the evidence." There is no basis, however, for adding this language, and even with the addi-

tional language it would still be clear that the Commission has failed to conduct its own independent evaluation of the evidence.

The judgment of the circuit court of Cook County confirming the decision of the Commission is therefore reversed. The decision of the Industrial Commission awarding the claimant permanent total disability and medical expenses is vacated and the cause remanded to the Commission for further action consistent with this opinion.

Circuit court reversed; award vacated; cause remanded to the Commission.

BARRY, KASSERMAN, McNAMARA, and WEBBER, JJ., concur.