TAL RAUHOFF CONSTRUCTION COMPANY, Appellant, v. THE INDUS-
TRIAL COMMISSION (Kevin Burke, Appellee).

First District (Industrial Commission Division) No. 1—85—2963WC

Opinion filed November 19, 1986.

Roddy, Power & Leahy, Ltd., of Chicago, for appellant.

John Lusak, of Chicago, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Tal Rauhoff Construction Company (the employer), appeals from a judgment of the circuit court of Cook County confirming a decision of the Industrial Commission awarding workers' compensation benefits to defendant, Kevin Burke (the employee). The employer contests the rate at which it was ordered to pay temporary total disability benefits and an award of additional compensation under sections 19(k) and 19(l) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.19(k), (l)). We affirm in part and reverse in part.

The pertinent facts are not in dispute and may be stated briefly. The employee was a tuckpointer for the employer earning $630.55 per week when he was injured. On October 5, 1982, the employee injured his lower back while lifting materials at work. He received medical treatment, including a laminectomy, for this injury. He was totally disabled by the injury, and remained totally disabled at the time of arbitration on May 20, 1983.

The dispute before the Commission concerned the proper rate at which the employer was to pay temporary total disability benefits to the employee. Prior to arbitration, the employer paid the employee $376.33 per week in temporary total disability payments. The arbitrator found that the proper rate was $420.26 per week and that the employer had vexatiously and unreasonably underpaid compensation. He therefore found that the employee was entitled to additional compensation under sections 19(k) and 19(l) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.19(k), (l).) The Industrial Commission affirmed the decision of the arbitrator, and the circuit court confirmed the decision of the Industrial Commission.

The parties are agreed that the employee is entitled to temporary total disability compensation at the maximum rate applicable on the date of his injury. The statute establishing that maximum rate provides:

> "4. All weekly compensation rates provided under subparagraphs 1 and 2 of this paragraph (b) of this Section shall be subject to the following limitations:
>
> The maximum weekly compensation rate from the effective date of this amendatory Act of 1975, except as hereinafter provided, shall be 100% of the State's average weekly wage in covered industries under 'The Unemployment Insurance Act,' that being the wage that most closely approximates the State's average weekly wage.
>
> * * *

From July 1, 1977, and thereafter such maximum weekly compensation rate *** for temporary total disability under paragraph (b) of this Section *** shall be increased to 133⅓% of the State's average weekly wage in covered industries under 'The Unemployment Insurance Act.'

* * *

6. The Department of Labor and the State shall on or before the first day of December, 1977, and on or before the first day of June, 1978, and on the first day of each December and June of each year thereafter, publish the State's average weekly wage in covered industries under 'The Unemployment Insurance Act' and the Industrial Commission shall on the 15th day of January, 1978 and on the 15th day of July, 1978 and on the 15th day of each January and July of each year thereafter, post and publish the State's average weekly wage in covered industries under 'The Unemployment Insurance Act' as last determined and published by the Department of Labor. The amount when so posted and published shall be conclusive and shall be applicable as the basis of computation of compensation rates until the next posting and publication as aforesaid." (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b).)

In accordance with this statute, the maximum rate for total disability for injuries occurring in the period including the date of the employee's accident was set at $420.36 per week.

The employer contends that this method of establishing maximum rates for workers' compensation benefits impermissibly delegated the General Assembly's legislative power to the Director of the Department of Labor (the Director). The argument is basically that the legislature has the power to set workers' compensation rates; the statute makes the maximum rates depend upon the State's average weekly wage under the Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 300 *et seq.*); the average weekly wage is determined by the Department of Labor (Ill. Rev. Stat. 1983, ch. 48, par. 401(B)); the Director determines "the number of individuals engaged in insured work" which is used in computing the average weekly wage; there are "no clear standards set forth within the statute to define and limit the Director's areas of discretion in the determination of the number of individuals" engaged in insured work; and, because the Director has discretion in this matter and the average weekly wage "is not a product of a purely mathematical process," the legislature improperly delegated legislative authority. Therefore, it is the employer's position that the Department of Labor set average weekly wage

may not constitutionally be used as the basis for computing maximum workers' compensation benefits. Instead, the employer argues that the legislatively established rate of $228.16 per week should be used in computing maximum workers' compensation rates. (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b)(5) ("For the purpose of this Section this State's average weekly wage in covered industries under 'The Unemployment Insurance Act' on the effective date of this amendatory Act is hereby fixed at $228.16 per week and the computation of compensation rates shall be based on the aforesaid average weekly wage until modified as hereinafter provided").) It will be unnecessary to address this last claim because the computation of the average weekly wage by the Department of Labor does not constitute an improper delegation of legislative power by the General Assembly.

The constitution of this State provides:

"The legislative power is vested in a General Assembly ***." (Ill. Const. 1970, art. IV, sec. 1. See also Ill. Const. 1870, art. IV, sec. 1; Ill. Const. 1848, art. III, sec. 1; Ill. Const. 1818, art. II, sec. 1.)

The issue raised concerns the extent to which the General Assembly may delegate this power to others. It is well established that although the legislature cannot delegate its general legislative power to determine what the law shall be, it may delegate to others the authority to do those things which the legislature might, but cannot as understandingly or advantageously, do itself. (*Hill v. Relyea* (1966), 34 Ill. 2d 552, 555, 216 N.E.2d 795, 797; *Board of Education v. Page* (1965), 33 Ill. 2d 372, 375, 211 N.E.2d 361, 362; *People ex rel. Caldwell v. Reynolds* (1848), 10 Ill. 1, 13.) The precision of the standard required to be set by the legislature varies according to the nature of the ultimate objective and the peculiar problems involved. (*Board of Education v. Page* (1965), 33 Ill. 2d 372, 375, 211 N.E.2d 361, 363.) Most significantly for this case, the legislature "can make a law delegating a power to determine some facts or state of things upon which the law makes, or intends to make, its own action depend." (*People ex rel. Adamowski v. Chicago Land Clearance Com.* (1958), 14 Ill. 2d 74, 80, 150 N.E.2d 792, 796.) Contrary to the employer's contention, the statutory scheme does not give the Director of the Department of Labor any discretion in the computation of the State's average weekly wage. At most, the Director is granted a power to determine facts upon which the law's action depends.

The statute sets the maximum weekly compensation rate at a specified percentage of the State' average weekly wage as published by the Department of Labor every six months. (Ill. Rev. Stat. 1983,

ch. 48, pars. 138.8(b)(4), (b)(6).) The statewide average weekly wage is computed by dividing the statewide average annual wage by 52. (Ill. Rev. Stat. 1983, ch. 48, par. 401(B)(2).) The statewide average annual wage is computed by dividing gross wages by average monthly covered employment for the same determination period. (Ill. Rev. Stat. 1983, ch. 48, par. 401(B)(2).) As can be seen, each step to this point has required simple mathematical computations involving no discretion whatsoever. The basis upon which all of the computations ultimately rest are two numbers: "gross wages" and "covered employment."

"Gross wages" are "all the wages paid to individuals during the determination period immediately preceding a determination date for insured work, and reported to the Director by employers." (Ill. Rev. Stat. 1983, ch. 48, par. 401(B)(2).) Thus, the Director has no discretion in determining "gross wages," but rather merely adds the figures reported by employers for insured work.

"Covered employment" is "the total number of individuals, as determined by the Director, engaged in insured work at mid-month." (Ill. Rev. Stat. 1983, ch. 48, par. 401(B)(2).) The employer's claim is that the Director has discretion in determining this number. This is clearly not the case. "Insured work" is "services performed in employment for employers." (Ill. Rev. Stat. 1983, ch. 48, par. 346.) The statute is very precise on which services are "employment" and which employing units are "employers," leaving the Director no discretion in making this determination. (Ill. Rev. Stat. 1983, ch. 48, pars. 314 through 343.) An employing unit which is not an employer or for which services do not constitute employment may, with the approval of the Director, elect to become an employer or have the services for it deemed to constitute employment. (Ill. Rev. Stat. 1983, ch. 48, par. 382.) The Director's discretion here is extremely limited, since "[t]he Director shall approve any election so filed if he finds that the employment record of the applicant has not been or is not likely to be such as will unduly threaten the full payment of benefits when due under this Act." (Ill. Rev. Stat. 1983, ch. 48, par. 382(A).) The Director therefore, at most, has discretion to determine facts upon which maximum workers' compensation rates are made by law to depend. The legislature did not improperly delegate legislative power to the Director.

◼ The remaining issue concerns the propriety of the award of additional compensation under sections 19(k) and 19(l) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.19(k), (l).) The arbitrator awarded additional compensation and the employer, al-

beit not very prominently, challenged the award in its brief filed with the Industrial Commission.

The Industrial Commission's "Decision and Opinion on Review" stated:

> "Respondent appeals the Decision of Arbitrator Auw finding that as the result of an accident on October 5, 1982, Petitioner was temporarily totally disabled for 32²/₇ weeks and is entitled to $300.00 for additional compensation under sec. 19(*l*) and to $952.11 for additional compensation under sec. 19(k). The only issues [*sic*] on Review is whether the Arbitrator used the correct rate in the determination of compensation. The Commission after considering the entire record affirms the Decision of the Arbitrator, for the reasons set forth below."

The Commission, in its findings, stated:

> "2. Prior to Arbitration Respondent paid Petitioner $376.33 per week as temporary total disability payments. The Arbitrator found the proper rate for determination of compensation to be $420.36, found Respondent's conduct constituted unreasonable and vexatious underpayment of compensation and found Petitioner entitled to additional compensation under secs. 19(k) and 19(*l*) of the Act. The Commission agrees with the Arbitrator that the applicable rate for the payment of temporary total compensation on October 5, 1982 was $420.36."

Thereafter, the Commission at no point alluded to the additional compensation awarded, but rather discussed the question of the proper maximum weekly compensation rate.

It is apparent that the Commission overlooked the question raised by the employer concerning the propriety of the award of additional compensation. The award of additional compensation was premised on the arbitrator's finding of fact that the employer had unreasonably and vexatiously underpaid temporary total disability benefits. The Commission has original rather than appellate jurisdiction and so is not bound by the arbitrator's findings of fact. (*National Biscuit, Inc. v. Industrial Com.* (1984), 129 Ill. App. 3d 118, 120, 472 N.E.2d 91, 92.) The Commission must resolve disputed questions of fact and draw inferences from them. (*National Biscuit, Inc. v. Industrial Com.* (1984), 129 Ill. App. 3d 118, 120, 472 N.E.2d 91, 92.) It appears that the Industrial Commission did not independently evaluate the evidence with respect to the question of the propriety of additional compensation, so in this regard the award must be vacated and the cause remanded to the Commission.

The judgment of the circuit court of Cook County is affirmed in

898

part and reversed in part; the award of temporary total disability benefits is affirmed; the award of additional compensation under sections 19(k) and 19(*l*) is vacated, and the cause is remanded to the Commission for further proceedings.

Circuit court affirmed in part and reversed in part; award affirmed in part and vacated in part and cause remanded to the Industrial Commission.

WEBBER, P.J., and BARRY, KASSERMAN, and McNAMARA, JJ., concur.