MARY LOU McDUFFEE, Appellant, v. THE INDUSTRIAL COMMISSION
*et al.* (Swift Eckrich, Appellee).

Second District (Industrial Commission Division)   No. 2—91—0212WC

Opinion filed December 3, 1991.

James M. Ridge, of Perz, Condon & Ridge, of Chicago, for appellant.

Patrick D. Duffy, of Terrence K. Hegarty & Associates, Ltd., and Anita Senese-Johnson, of Johnson & Drozdzik, Ltd., both of Chicago, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Claimant, Mary Lou McDuffee, filed two applications for adjustment of claim (the applications) pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) for separate injuries allegedly incurred during the course of her employment with the respondent, Swift Eckrich. The first application for adjustment of claim was filed on July 18, 1989, and was assigned No. 89—WC—33711 by the Industrial Commission. In this application the claimant stated she had had an industrial accident on June 6, 1989, wherein she received injuries to her arm, hand and shoulder. In the second application, filed on August 19, 1989, and assigned No. 89—WC—38710, the claimant alleged a repetitive trauma injury to her right hand, right shoulder and right elbow. The date of manifestation of the repetitive trauma injury given in her application was February 6, 1987. The two applications for adjustment of claim were considered together by the arbitrator; however, separate decisions were entered. In both of the decisions by the arbitrator, the claimant was denied benefits as the arbitrator found that the claimant failed to prove that she had had an accident. On appeal to the Industrial Commission (the Commission), the Commission adopted the findings and affirmed the decision of the arbitrator. Subsequently, a timely petition for recall was filed with the Commission by the claimant. The Commission issued a corrected decision, and the claimant filed a written request for summons for an appeal of the Commission's decision in the circuit court within 20 days of receipt of the Commission's corrected decision. The respondent filed a motion to quash summons, in which the respondent stated the court had no jurisdiction to consider the appeal as the claimant had not filed a timely appeal. The court granted the respondent's motion and dismissed the claimant's appeal. The claimant appeals.

The sole issue presented on appeal is whether the circuit court erred in granting the respondent's motion to quash summons and in dismissing the claimant's appeal. Because the issue in this case is one of jurisdiction, only those procedural facts pertaining to this issue need be set forth. The arbitrator's decisions on the claimant's applications were both entered on March 29, 1990. In the arbitrator's decision on case No. 89—WC—33711, in which the arbitrator denied the claimant benefits, the arbitrator found that the claimant failed to

prove an accident. In the arbitrator's findings under whether an accident arose out of and in the course of employment, *i.e.*, an accident, the arbitrator found, "based on the *** testimony of the Company Nurse and the Company Medical Records, that Petitioner sustained a left shoulder injury in the performance of hanging the longer length pepperoni on June 6, 1989." In the last paragraph of the arbitrator's findings on accident, he concluded by stating, "with regard to any alleged carpal tunnel syndrome based on repetitive trauma, the Arbitrator finds that the Petitioner failed to prove accident." The arbitrator went on in his decision to state that "[p]etitioner is entitled to have and receive from Respondent the sum of $244.80 per week for a further period of 11.75 weeks, as provided in paragraph (e) of Section 8 of said Act, as amended [(Ill. Rev. Stat. 1989, ch. 48, par. 138.8(e))], because the injuries sustained caused a loss of the use of 5 [%] of the left arm. In support of the Arbitrator's decision relating to (K) [nature and extent of injury] the Arbitrator finds the following facts." This statement by the arbitrator appears to have been crossed out, giving rise to the inference that the arbitrator had erred and then corrected his error regarding his finding of permanency. This presumption is supported by the fact that nothing further was said in the arbitrator's decision regarding the nature and extent of the claimant's injury, other than a handwritten statement that "[t]he arbitrator finds petitioner failed to prove her claim under section 19b [(Ill. Rev. Stat. 1989, ch. 48, par. 138.19(b))]. Claim for compensation thereunder therefor is hereby denied. This award in no way shall be a bar to a claim for permanency."

Also in the arbitrator's decision in case No. 89—WC—33711, the arbitrator held that the claimant was entitled to the sum of "$0 per week for a period of 0 weeks" for temporary total disability. From these various statements, it appears that the claimant was denied benefits, both for temporary total disability and for permanent disability, because she failed to prove that her injuries arose out of and in the course of her employment. In contrast, at the end of the arbitrator's decision, he found that the respondent was liable to the claimant for the sum of $2,537.40 for necessary first aid, medical, surgical and hospital services.

In the arbitrator's memorandum of decision in case No. 89—WC—38710, the arbitrator likewise awarded the petitioner "the sum of $0 per week for a period of 0 weeks" for temporary total disability. As in his other decision, the arbitrator found that the claimant "failed to prove she sustained accidental injuries to her right upper extremity

on January 23, 1987." Again, the arbitrator denied the claimant benefits under this claim.

On appeal to the Commission, the Commission entered its decision on both of the claimant's applications under one decision, No. 90—IIC—951. When the Commission entered its decision of July 23, 1990, it stated that "[t]he Commission further remands this case to the arbitrator for further proceedings for a determination of a further amount of temporary total compensation, if any, or of compensation for permanent disability pursuant to *Thomas v. Industrial Commission*, 78 Ill. 2d 326, 399 N.E.2d 1322, 35 Ill. Dec. 794 (1980)." The Commission further stated:

"IT IF [*sic*] FURTHER ORDERED BY THE COMMISSION that the case is remanded to the arbitrator for further proceedings consistent with this Decision, but only after the later of expiration of the time for filing of a Pewtition [*sic*] for Summons to the Circuit Court has expired without the filing of such a Petition, or after the time of completion of any judicial proceeding, if such a Petition has been filed."

In addition to these two statements, the Commission also ordered the respondent to pay the claimant interest under section 19(n) of the Act and fixed the bond for the respondent for appeal to the circuit court at $2,600.

On August 3, 1990, within the 15-day period allowed by statute (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)), the claimant filed a "Petition Pursuant to Section 19(F) of the Illinois Workers' Compensation Act for Clerical Error in the Decision of Commission." In the caption of the petition, the claimant listed the case numbers applicable to the petition as "I.C. No. 89 WC 19837" and "I.C. No. 89 WC 38710." In the body of the petition, the claimant referred to the case Nos. 89—WC—38710 and 89—WC—33711. The claimant stated in her petition for recall that the Commission affirmed and adopted the decision of the arbitrator, but that the Commission further remanded this case to the arbitrator for further proceedings for a determination of temporary total disability, if any, or for permanent disability compensation. The claimant asked the Commission to recall its decision and correct the clerical error "with regard to Accident, Temporary Total Disability and Permanent Partial Disability."

Subsequently, on September 4, 1990, the Commission issued a corrected decision on the claimant's two applications. In this corrected decision, the sentence pertaining to remand to the arbitrator for further proceedings pursuant to *Thomas* and the paragraph quoted in its entirety earlier in this opinion were deleted. Following entry of the

Commission's corrected decision on September 4, 1990, the claimant filed a request for summons in the circuit court on September 13, 1990, within the 20-day time period for appeal to the circuit court.

The respondent filed a motion to quash summons, contending that the claimant's request for summons to issue was not timely filed. The respondent argued in its motion that the essence of the claimant's petition was for a rehearing on the merits and not a recall for correction of clerical error. Therefore, the respondent argued that the claimant's petition for recall was a nullity, and the claimant's request for summons, filed more than 20 days after the Commission's decision of July 23, 1990, was not timely. The respondent asked the court to dismiss the claimant's appeal for lack of subject-matter jurisdiction. The court, in its order of January 28, 1991, granted the respondent's motion to quash summons and dismissed the claimant's appeal.

On appeal, the claimant contends that the court erred when it granted the respondent's motion to quash summons and dismissed her appeal. She argues that her request for summons was within the 20-day period following the issuance of the Commission's corrected decision and thus was timely filed. Further, she asserts that her petition for recall was not a request for rehearing as the respondent stated in its motion to quash summons but was a request for clarification of the Commission's order and was a proper petition under section 19(f) of the Act. Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f).

■ Section 19(f) of the Act provides:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for review herein specified shall begin to run from the date of the receipt of the corrected award or decision." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f).)

From the foregoing statutory language, when the Commission enters a corrected decision, as it did here, then the time for appeal to the circuit court commences from the time of receipt of the corrected decision.

110

■ The case law has held that the Commission retains jurisdiction until the Commission decides whether to correct its decision, and it is only after the Commission decides on the petition for recall that the Commission's decision in a case becomes final and appealable. (*Menozzi v. Industrial Comm'n* (1983), 96 Ill. 2d 468, 451 N.E.2d 853.) However, it has also been held that a petition for recall under section 19(f) is not a vehicle for reconsideration of the case's merits and for the presentation of further evidence, and if that is what is sought, the petition for recall is a nullity and the time for appeal to the circuit court commences running from the issuance of the Commission's initial decision. *Wilson-Raymond Constructors Co. v. Industrial Comm'n* (1980), 79 Ill. 2d 45, 402 N.E.2d 584.

In *Menozzi*, the supreme court stated as follows:

"A party who is convinced that an order of the Industrial Commission contains a substantial error or inconsistency should be allowed to request a correction, as the statute plainly allows him to do. Such corrections serve the purpose of reducing the number of issues that will be urged for review in the courts, and remove the need for having the circuit court perform the trier of fact's job of deciding what the error was or how an inconsistency should be resolved. To permit review to go forward before the Industrial Commission acts on such a request frustrates this purpose; we see no reason why the Industrial Commission should not be required to consider and respond to such requests." (*Menozzi*, 96 Ill. 2d at 473-74, 451 N.E.2d at 856.)

This reasoning in *Menozzi* was subsequently applied in *Kelly v. Industrial Comm'n* (1990), 203 Ill. App. 3d 626, 561 N.E.2d 327, where this court held that a petition under section 19(f) is a proper procedure for seeking clarification of an inconsistency in the Commission's decision, and that an error in the Commission's decision is not limited by whether the error was characterized as "clerical" or "substantive."

■ Here, the respondent has characterized the claimant's petition for recall as a petition for rehearing or reconsideration of the merits. Our reading of the claimant's petition for recall does not lead us to this conclusion. There was sufficient confusion in the arbitrator's decisions and the Commission's subsequent decision to create an inconsistency in the Commission's decision. A reading of the arbitrator's decisions leads to the conclusion that the claimant was denied benefits on both of her claims because she failed to prove that her injuries arose out of and in the course of her employment, but the Commission's decision contained the remand language which implied that the arbitrator granted benefits. The claimant did not seek to have a reconsidera-

tion of the merits and did not ask to present further evidence but sought clarification of what she was being granted or denied. Therefore, while her petition for recall was not technically a request to correct a "clerical error," but sought clarification of an inconsistency, her petition was not a nullity, and her request for summons was properly and timely filed after receipt of the Commission's corrected decision.

■ The respondent has also argued in its appeal that because the claimant listed case No. 89—WC—19837 and case No. 89—WC—38710 in the caption of her petition for recall, she has not presented a timely appeal in case No. 89—WC—33711. This argument is without merit and will not be considered extensively for two reasons. First, the respondent fails to cite any authority in support of its argument. Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) requires citation to authority, and failure to cite authority, when coupled with bare argument, permits this court to disregard the issue. (*Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387.) Second, if we determine that the caption of the claimant's petition for recall limits her appeal, we are placing form over substance. In the body of the claimant's petition for recall, she specifically states that it is the Commission's decision in case Nos. 89—WC—38710 and 89—WC—33711 which contains the inconsistency. Thus, the miscitation in the caption of the claimant's petition does not eliminate her appeal of case No. 89—WC—33711.

For the foregoing reasons, the judgment of the circuit court of Kane County granting the respondent's motion to quash summons and to dismiss the claimant's appeal is reversed, and this cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and RAKOWSKI, JJ., concur.