BEVERLY HOSHOR *et al.*, Appellants, v. THE INDUSTRIAL COMMISSION *et al.* (Kanoski and Associates *et al.*, Appellees).

Third District    No. 3—95—0514WC

Opinion filed June 5, 1996.—Modified on denial of rehearing September 27, 1996.

Patricia L. Hayes, of Hayes Law Office, of Springfield, for appellants.

Charles N. Edmiston, of Kanoski & Associates, of Rushville, for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Claimant Beverly Hoshor filed an application for adjustment of claim against her employer pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 et seq. (West 1994)) on November 27, 1991. The attorney handling the case was Patricia L. Hayes, who worked at the law firm of Kanoski & Associates (hereinafter referred to as Kanoski). On March 6, 1992, Hayes left the firm to start her own law practice. Hoshor's case was reassigned to Larry Apfelbaum, another associate at Kanoski. Apfelbaum undertook representation of Hoshor, obtaining on March 24, 1992, a settlement offer of $4,405. On March 31, 1992, Kanoski received a letter from Hayes, which stated that Hoshor had retained Hayes as her attorney and allegedly suggested that Hayes would agree to a fee-sharing arrangement with the law firm. Upon receiving Hayes' letter, Apfelbaum telephoned Hoshor to set up a meeting with her and her husband. At the meeting, Hoshor indicated uncertainty as to whom she wanted to represent her. Both Apfelbaum and Hayes continued to counsel Hoshor.

On May 26, 1992, Hoshor advised Apfelbaum that Hayes had obtained a higher settlement offer of more than $5,000. Apfelbaum claims this was the first time he was made aware that Hayes was also working on Hoshor's case. On May 28, 1992, Apfelbaum contacted the insurance adjustor to confirm the higher offer and inform him that Kanoski was transferring the file to Hayes. During the conversation with Apfelbaum, the adjustor raised the settlement offer to $6,500. Apfelbaum advised Hoshor of the offer and she authorized him to settle for that amount. Apfelbaum prepared the settlement papers and sent a copy to Hayes and Hoshor. Hoshor then told Apfelbaum that she wanted Hayes to complete the settlement. On June 7, 1992, the parties signed an attorney substitution form and filed it with the Industrial Commission (Commission).

Hayes, as claimant's attorney of record, prepared settlement papers for Hoshor's claim in the amount of $6,500, less $975 in attorney fees. In late June 1992, the settlement contract was signed by Hoshor, Hayes, and the claims adjustor. The settlement agreement, including attorney fees, was approved by the Commission in July 1992.

Eight months later, on March 5, 1993, Kanoski filed a petition for fees pursuant to section 16a(J) of the Act (820 ILCS 305/16a(J) (West 1992)). The petition for fees was set for hearing before the Commission on March 26, 1993. Hayes could not be present and the hearing proceeded without her. At the hearing, the Commission awarded fees in favor of Kanoski to be tendered by Hayes. The order of the Commission provides, "the Petition for legal fees should be granted and

that attorney Patricia Hayes should pay to the firm of Kanoski & Associates legal fees in the amount of $881.00 as provided in § 16a(J) [of the Act] and costs in the amount of $35.40." The circuit court confirmed the decision of the Commission. We reverse the circuit court and reinstate the original award by the Commission.

On appeal, Hayes argues the March 26, 1993, order of the Commission awarding attorney fees to Kanoski is void for lack of subject matter jurisdiction. Hayes argues there is no provision in the Act that permits the reopening of a case to recover fees eight months after a final order has been entered. She also contends the rules of the Commission (50 Ill. Adm. Code § 7080.10 (1994)) and section 16a of the Act (820 ILCS 305/16a (West 1994)), which provide for attorney fees, presuppose that no final award has been entered and the case is still pending before the Commission.

■ Section 16a(J) of the Act confers upon the Commission the power and duty to resolve any and all disputes regarding attorney fees, whether such disputes relate to the entitlement to fees or a division of fees among attorneys where claimant is represented by more than one attorney. 820 ILCS 305/16a(J) (West 1994). Such disputes shall be heard and determined by the Commission "after reasonable notice to all interested parties and attorneys." 820 ILCS 305/16a(J) (West 1994). The Commission rules require 10 days' notice to parties and attorneys. 50 Ill. Adm. Code § 7080.10(a)(2) (1994). The rules further provide a procedure for raising fee disputes and provide for partial fees based on the reasonable value of services rendered. 50 Ill. Adm. Code §§ 7080.10(a), (b) (1994). Neither the rules nor section 16a of the Act sets a time frame in which attorneys must petition for fees.

Kanoski argues the Commission's power to award fees under section 16a of the Act is one that cannot be exercised until there has been a final resolution of the workers' compensation claim. This position, Kanoski asserts, is supported by the Act, which contemplates that fees will be on a contingent basis by limiting fees to a certain percentage (820 ILCS 305/16a(B) (West 1994)) and providing that such fees are recoverable from compensation actually paid to claimant (820 ILCS 305/16a(I) (West 1994)). Kanoski also contends the language approving the settlement contract does not refer to the award of fees, but only relates to approval of the lump sum settlement amount. As such, there was no final judgment on the issue of fees at the time of modification. We disagree.

■ The settlement contract clearly sets forth the amount to be paid to claimant and the amount deducted for attorney fees. The rules of the Commission provide that the first payment of an award

or settlement be delivered to claimant's attorney of record, who was Hayes in this case. See 50 Ill. Adm. Code § 7080.20 (1994). In addition, the contract was signed by claimant, Hayes, and the claims adjustor, and approved by the Commission. A settlement contract approved by the Commission has the same legal effect as an award by the Commission. *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 265 (1978); *Flynn v. Industrial Comm'n*, 94 Ill. App. 3d 844, 849 (1981). Moreover, attorney fees approved by the Commission rise to the same level as the award granted to the injured employee. *Field v. Rollins*, 156 Ill. App. 3d 786, 789 (1987). Like any award of the Commission, an approved settlement contract becomes final after 20 days, where no petition for review is filed. 820 ILCS 305/19(f)(1) (West 1994). Since no timely application for review was filed, the decision of the Commission, including the award of fees, became final 20 days after approval. The issue presented, then, is whether the Commission had jurisdiction to reopen a final award to decide a fee dispute between attorneys and award fees eight months after approval of the settlement contract.

■ It is axiomatic that the Commission's jurisdiction and powers are limited to those conferred upon it by the legislature. In the absence of express authority, the Commission is not empowered to reopen or review a case in which an order has been entered. No provision of the Act provides for the reopening or modification of a final decision to revisit the issue of attorney fees. Therefore, we hold the Commission lacked jurisdiction to reopen the award and apportion fees in a manner inconsistent with the Commission's original decision.

Only two provisions of the Act grant the Commission the power to reopen or modify a final decision: sections 19(h) and 19(f). 820 ILCS 305/19(h), (f) (West 1994). Neither provision, however, affords the Commission a basis for jurisdiction to reopen the case *sub judice*. Section 19(h) of the Act provides that a change in claimant's condition or disability will justify reopening or modification of an award by the Commission. 820 ILCS 305/19(h) (West 1994). This section is strictly limited to review for change of disability and does not contemplate reopening for fees. Clearly, there was no change of disability to justify review pursuant to section 19(h) of the Act.

Section 19(f) of the Act provides for recall of an original award or decision on review by the Commission to correct clerical errors or errors in computation within 15 days after receipt of any decision on review. 820 ILCS 305/19(f) (West 1994). Although section 19(f) is a proper procedure for seeking clarification of an inconsistent order and not strictly limited to clerical or substantive errors, it is not a

proper vehicle for rehearing or reconsideration of the merits of the case. If that is what is sought, the petition for recall is a nullity. *McDuffee v. Industrial Comm'n*, 222 Ill. App. 3d 105, 110-11 (1991); *Kelly v. Industrial Comm'n*, 203 Ill. App. 3d 626, 630 (1990).

In the instant case, there was no petition filed to correct the Commission's decision under section 19(f) of the Act. Nor was a timely proceeding for review filed under section 19(f)(1) of the Act. It was not until eight months after the Commission's final decision that Kanoski filed a petition asking the Commission to determine the amount of fees due. Absent timely application for review, the Commission was without jurisdiction to reopen its final decision and grant Kanoski's petition for fees.

As described above, sometime between May 28, 1992, and June 7, 1992, Hoshor told Kanoski that she was willing to settle her claim for $6,500, but she wanted Hayes, not Kanoski, to complete the settlement. On June 7, 1992, Kanoski signed a substitution of attorney form, making Hayes the attorney of record. Undoubtedly on that date, Kanoski knew or should have known settlement was imminent and Hayes was the attorney of record. Still, Kanoski failed to apprise the Commission of its alleged entitlement to fees until March 5, 1993, eight months after approval of the settlement contract. This delay and failure to seek timely review deprived the Commission of jurisdiction to review its final decision.

In sum, we hold that an approved settlement agreement by the Commission becomes a final award after 20 days, where no petition for review is filed. 820 ILCS 305/19(f)(1) (West 1994). Such finality precludes reopening to reconsider a previous award of disability or attorney fees, except as provided by the Act. Recognizing that the Commission cannot exercise perpetual and unlimited jurisdiction to reopen claims, the Act has placed severe limitations on the Commission's power to reopen awards. As such, we cannot find any statutory authority that would permit the Commission to reopen an approved settlement award after eight months to hear a petition for fees, where fees were already granted in the final decision.

We are of the opinion that in the absence of express authority, the Commission is without jurisdiction to reopen final decisions concerning fees. To hold otherwise would materially enlarge the powers of the Commission to review final awards and defeat the purpose of the Act, which is to avoid litigation, minimize appeals, and afford a speedy tribunal to award compensation and resolve disputes.

For the aforementioned reasons, we conclude the Commission acted beyond its jurisdiction in granting Kanoski's petition for fees. Our decision is limited to the facts of this case, where there is no

claim of fraud and it is apparent that Kanoski sat on its hands, knowing settlement was approaching and would be completed by another attorney. Accordingly, we reverse the decision of the circuit court and reinstate the original settlement award, approved by the Commission and contemplated by the parties.

Reversed; reinstate the original settlement award approved by the Commission.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE and RARICK, JJ., concur.