SHIRLEY YOCUM, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (National Foods, Appellee).

Fourth District (Industrial Commission Division)   No. 4—97—0285WC

Argued April 23, 1998.—Opinion filed June 19, 1998.—Rehearing denied August 18, 1998.

Richard G. Leiser and Todd A. Strong (argued), both of Warren E. Danz, P.C., of Peoria, for appellant.

Patrick James Smith (argued), of Delano Law Offices, P.C., of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Shirley Yocum, appeals from the order of the circuit court confirming an order of the Industrial Commission (Commission) that allocated $15,000 in attorney fees between claimant's attorney, Warren E. Danz, and her former attorney, Delano Law Offices (Delano), following the Commission's approval of an agreed settlement of claimant's claim for benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)). Attorney Danz claims the Commission lacked subject-matter jurisdiction to allocate attorney fees because Delano failed to file with the Commission a petition for review of the arbitrator's decision within 30 days as provided for in section 19(b) of the Act. 820 ILCS 305/19(b) (West 1996). We affirm.

On July 20, 1990, Delano filed an application for adjustment of claim on behalf of claimant, alleging a work-related accident occurring February 7, 1990. In September 1993 claimant discharged Delano as her attorney and employed Danz. Delano filed a motion to withdraw, requesting that attorney fees due it be determined by the arbitrator at the conclusion of the case. The motion was allowed by the arbitrator and an order entered on September 13, 1993, by arbitrator White. Delano sent claimant's medical records to Danz, requesting that it be advised when there was a settlement or decision so that attorney fees due Delano and Danz could be determined and Delano could file a petition.

On January 10, 1996, Delano received a copy of a correspondence from claimant's employer to Danz referencing a settlement contract to be presented to the arbitrator for settlement of claimant's claim. On February 1, 1996, Delano wrote to Danz referencing the settlement contract, proposing an allocation of attorney fees. On February 2, 1996, Delano sent a notice of motion to Danz that he would appear on February 13, 1996, before arbitrator White for a hearing on the motion to allocate fees. On that date, Danz's office advised Delano that the contract would not be presented until the next hearing on March 18, 1996. Delano then rescheduled the hearing on the motion for al-

location of fees to March 18. Without informing Delano, Danz removed the case from the arbitrator's March 18, 1996, hearing docket. Delano again reset the hearing on the petition for allocation of fees to April 15, 1996. On that date, Danz's office advised Delano that the settlement contract had been submitted to the arbitrator and approved by her.

The settlement contract, which Danz neglected to file of record and a copy of which was instead stapled to his brief, indicates it is a lump-sum settlement of $75,000, $15,000 of which was awarded as attorney fees. It was signed by the employer on January 9, 1996, by claimant on March 7, 1996, and by Danz on March 18, 1996, the same day Danz removed the case from the arbitrator's hearing docket. The copy of the settlement contract suggests it was approved by both the arbitrator and the Commission, but the date this occurred is not discernable. Delano then filed a motion for allocation of fees with the Commission on April 25, 1996. Following a hearing, the Commission entered an order granting Delano $5,411.50 of the attorney fees awarded based on *quantum meruit*. The circuit court confirmed.

A review of the record and the Commission's September 25, 1996, order suggests that arbitrator White approved the settlement contract. The Commission's order in the fee dispute does not state that the Commission had reviewed the settlement contract but, rather, it simply addresses the Delano motion filed April 25, 1996.

The Commission found that "[a]lthough the settlement contract is approved by arbitrator White, there is no date as to when she approved it." The motion for allocation of fees was heard by Commissioner Gilgis on June 11, 1996. Both Delano and Danz presented evidence and testimony at the June 11 hearing concerning the work done by Delano for claimant. The Commission found "[t]here was clear documentation between Mr. Smith of Delano Law Offices and Mr. Danz that settlement of the case was occurring. Mr. Smith filed § 16 Petitions before and after the lump[-]sum settlement contract approval."

Citing *Hoshor v. Industrial Comm'n*, 283 Ill. App. 3d 295, 671 N.E.2d 347 (1996), Danz contends the Commission's order is void for lack of subject-matter jurisdiction because Delano never perfected its appeal rights by filing with the Commission a petition for review of the arbitrator's decision within 30 days, as provided in section 19(b) of the Act. See 820 ILCS 305/19(b) (West 1996). We find *Hoshor* factually and procedurally inapplicable. *Hoshor* concerned the failure to timely seek review of the Commission decision, whereas here the issue concerns the asserted failure to timely seek Commission review of the arbitrator's decision. In *Hoshor*, a petition to allocate attorney fees

was filed eight months after the Commission's final decision approving a settlement agreement providing for attorney fees. The *Hoshor* court determined that the petition for fees was untimely because the Commission's decision became final 20 days after its approval of the settlement contract and the claimant's former attorney had failed to seek a modification or correction by the Commission pursuant to section 19(f) or 19(h) (820 ILCS 305/19(f), (h) (West 1996)), or seek circuit court review within 20 days pursuant to section 19(f)(1) of the Act. *Hoshor*, 283 Ill. App. 3d at 298-99, 671 N.E.2d at 349. At the time the settlement agreement was before the Commission for approval, the attorney in *Hoshor* failed to present any petition for allocation of fees or timely petition the circuit court with any justification of why it had not done so.

■ In this case, Danz argues that Delano should have sought Commission review of the arbitrator's approval of the settlement within 30 days pursuant to section 19(b) of the Act. The distinction between this case and *Hoshor* is significant, when comparing the procedural scenarios. The Act provides specific statutory provisions relating to both Commission and circuit court oversight review as well as original jurisdiction in the Commission. While the circuit court may only exercise appellate review, the Commission has statutory authority in both spheres. First, the Commission may review the decision of the arbitrator when a petition for review is filed within the 30-day period provided in section 19(b) of the Act. See *Cigan v. St. Regis House Hotel*, 72 Ill. App. 3d 884, 887, 391 N.E.2d 197, 200 (1979) (the Commission is established as the exclusive method of review of the arbitrator's findings on the merits by means of direct appeal). Second, it may exercise original rather than appellate jurisdiction and make findings of fact in derogation of those made by the arbitrator. *Tal Rauhoff Construction Co. v. Industrial Comm'n*, 149 Ill. App. 3d 892, 897, 501 N.E.2d 295, 299 (1986). Pursuant to section 23 of the Act, final authority to approve settlement agreements lies with the Commission. 820 ILCS 305/23 (West 1996). Approval of settlement agreements is a discretionary rather than a required ministerial act of the Commission. See *People ex rel. PPG Industries, Inc. v. Schneiderman*, 92 Ill. App. 3d 546, 549, 414 N.E.2d 1059, 1062 (1980). Section 7070.40(a) of the regulations adopted by the Commission provides that upon presentation of settlement contracts the Commission shall either approve or reject the contract, and if rejected, it shall be assigned to an arbitrator for hearing. 50 Ill. Adm. Code § 7070.40(a) (West 1997). Settlement contracts shall be accompanied by a completed "Attorney Representation Agreement." 50 Ill. Adm. Code § 7070.10(a)(2) (West 1997).

■ Section 16a(C) of the Act vests the Commission with primary

authority and original jurisdiction for the approval of contracts for attorney fees between a claimant and his attorney:

"All attorneys' fees *** shall be fixed pursuant to a written contract on forms prescribed by the Commission *** and every attorney, whether the disposition of the original claim is by agreement, settlement *** or otherwise, shall file his contract with the Chairman of the Commission who shall approve the contract only if it is in accordance with all provisions of this Section." 820 ILCS 305/16a(C) (West 1996).

Section 16a(J) provides that "[a]ny and all disputes regarding attorneys' fees, *** or contracts for attorneys' fees, shall be heard and determined by the Commission after reasonable notice to all interested parties." 820 ILCS 305/16a(J) (West 1996). Section 7080.10(a) of the rules adopted by the Commission provides:

"Whether a dispute has arisen between a Petitioner and his attorney or former attorney concerning the amount of payment of fees for services rendered or reimbursement of costs incurred in the prosecution of a claim, *** either the Petitioner or his attorney or former attorney may file with the Commission a Petition to Fix Fees which shall set forth the facts surrounding the dispute and the relief requested." 50 Ill. Adm. Code § 7080.10(a) (West 1997).

■ The issue of allocation of attorney fees was before the arbitrator pursuant to her September 13, 1993, order as well as the several motions filed by Delano. Neither the motions nor the issue of allocation was ruled upon by the arbitrator prior to or at the time of approval of the settlement contract. We note that Danz knew at all times since Delano's withdrawal of September 13, 1993, that there was a possible dispute as to fees. Delano had, on more than one occasion, sought to have the dispute as to fees determined. Because Danz knew of the dispute, he was also obliged to set the matter for hearing. The failure of the arbitrator to rule on the allocation of fees was remedied by Delano's motion filed with the Commission at a time when it possessed both original and appellate jurisdiction of the case.

The Commission is the final arbiter of settlement contracts. 820 ILCS 305/23 (West 1996). The record is not clear and the parties do not assist this court with respect to whether the Commission did approve the settlement. The dispute as to fees was before the arbitrator and the Commission and the April 25, 1996, motion by Delano was timely. If only the arbitrator approved the settlement, the motion was timely because it was filed within 30 days of the arbitrator's approval of the contract on April 15, 1996. The motion was also timely if we assume the Commission as well as the arbitrator approved the contract on April 15, 1996. Section 19(f) permits the arbitrator or the Commis-

sion on his or its own motion or on the motion of either party to correct clerical error or errors in computation. What constitutes a clerical error is for the Commission to decide and its decision will be reversed only on the basis of abuse of discretion. Although the Commission in its decision did not indicate it considered this provision of section 19(f), we find such provision may be applied.

As previously stated, the Commission did not treat this proceeding as a review of the arbitrator's decision relative to a dispute directed to the settlement agreement but as a timely motion to allocate the attorney fees awarded. The motion was timely and the decision of the Commission allocating fees is sustained by the record.

The order of the circuit court is affirmed.

Affirmed.

RAKOWSKI, COLWELL, HOLDRIDGE, and RARICK, JJ., concur.